MRS. NETTIE M. ABERNETHY v. STATE PLANTERS BANK AND TRUST COMPANY, AND DAVID B. HARRIS AND TRISTAM T. HYDE, TRUSTEES.

(Filed 8 January, 1932.)

1. **Trial A b: Appeal and Error J b — Upon proper, uncontradicted affidavits and certificates the trial court may grant continuance for illness.**

    Where a party files an affidavit and certificates of physicians stating that he is too ill to attend court, and there is no evidence in contradiction thereof, the trial court may well grant his motion for a continuance upon such terms as the court deems just to the parties, and upon appeal to the Supreme Court from his refusal to grant the motion a new trial may be granted when it appears that the moving party has been deprived of his right to be present at the trial or to have witnesses whose testimony is essential to his cause present. In this case the question is not decided, a new trial being awarded upon another ground.

2. **Trial E b — In this case the court expressed an opinion as to an essential fact in issue, and a new trial is awarded.**

    Where, in an action by a married woman to set aside a deed of trust on the ground that her private examination had not been taken to the deed, the trial court instructs the jury that the statute requiring her private examination "should be abolished, because it is not necessary now. A woman would not do anything she did not want to do": *Held*, the instruction contains such an expression of opinion by the court as to an essential fact involved as to be condemned by C. S., 564, and a new trial will be granted.

APPEAL by plaintiff from *Clement, J.*, at May Term, 1931, of CATAWBA. New trial.

This is an action to have a deed of trust under which the defendants, David B. Harris and Tristam T. Hyde, trustees, have advertised for sale the lot of land described therein, adjudged void and ordered canceled.

The deed of trust purports to have been executed by plaintiff and her husband, R. O. Abernethy, to secure certain notes recited therein, now held by the defendant, State Planters Bank and Trust Company of Richmond, Va. The lot of land described in the deed of trust is located in the city of Hickory, N. C.; it is owned by the plaintiff, and is occupied by her as her home.

Plaintiff alleges in her complaint that she was induced to execute said deed of trust by false and fraudulent representations made to her by an agent of the defendants and by her husband, with respect to the land described therein; that said agent and her husband falsely and fraudulently represented to plaintiff at the time she signed the said deed

of trust that the land described therein was property in the city of Hickory other than her home place.

Plaintiff further alleges in her complaint that her private examination touching her voluntary execution of said deed of trust was not taken as required by law; that the defendants at the date of the delivery to them of said deed of trust knew that her private examination had not been taken as required by law, and had full notice of the false and fraudulent representations by which plaintiff was induced by the agent and by her husband to execute the same.

These allegations were denied by the defendants in their answer.

The issues submitted to the jury were answered as follows:

"1. Was the execution and delivery of the deed of trust of date 15 November, 1926, and of registration on pages 152 and 153 in Book 197 of the Record of Mortgages and Deeds of Trust of Catawba County, procured by means of the fraudulent representations of defendants and plaintiff's husband as alleged in the complaint? Answer: No.

2. Was the deed of trust delivered without the execution thereof being privately and voluntarily acknowledged by the plaintiff? Answer: No.

3. In what amount, if any, is plaintiff indebted to the defendant, State Planters Bank and Trust Company? Answer: $6,437.17, with interest from 4 May, 1931."

From judgment in accordance with the verdict, authorizing and directing the foreclosure of the deed of trust by the exercise of the power of sale contained therein, plaintiff appealed to the Supreme Court.

*Louis A. Whitener for plaintiff.*
*Self, Bagby, Councill, Aiken & Patrick for defendants.*

CONNOR, J. This action was begun in the Superior Court of Catawba County on or about 22 October, 1930. It was on the calendar for trial at May Term, 1931, of said court. During said term and prior to the call of the action for trial, counsel for plaintiff moved that the action be continued for the term because of the illness of the plaintiff, and of her inability for that reason to attend the court and to testify as a witness in her own behalf at a trial during said term. In support of the motion, plaintiff's counsel offered her affidavit and the certificates of two physicians, who were admitted to be men of high standing in their profession. It appeared from the affidavit of the plaintiff and from the certificates of the physicians that plaintiff was ill, and for that reason was unable to leave her home, which is about eleven miles from the courthouse, to attend court. Plaintiff's illness was due to the

fact that about ten days before the court convened, she had had all her teeth extracted, and in consequence thereof was nervous and subject to fainting spells. The court found that the condition of plaintiff, physical or otherwise, was not such as to entitle her to a continuance of the action. All the evidence appearing in the record on this appeal is to the contrary. We think that in the absence of any evidence tending to contradict the affidavit of the plaintiff and the certificates of the physician, the court should have found that plaintiff was ill and for that reason unable to attend court during the May Term, 1931, of the court. On this finding, in accordance with the practice in the courts of this State, the action might well have been continued, upon such terms as the court deemed just to the parties. In *Moore v. Dickson,* 74 N. C., 423, this Court said: "We will not say that there may not be a case in which the refusal of a continuance would not be a ground for granting a new trial by this Court, under its general power to supervise and control the proceedings of the inferior courts. But, undoubtedly, the granting or refusing a continuance is in the discretion of the judge below, and it would require circumstances proving beyond a doubt hardship and injustice to induce this Court to review his exercise of it, if in any case it has the power to do so." We do not doubt that in a proper case, this Court has the power, and therefore the duty, to grant a new trial, when it appears that as the result of the refusal by the trial court to allow a motion for continuance, the moving party to the action has been deprived of his right to be present at the trial, or to have witnesses whose testimony is essential to his cause present. In the instant case, the plaintiff is entitled to a new trial for error in the charge of the court to the jury. It is therefore not necessary for us to grant a new trial upon the ground that there was prejudicial error in the refusal of the trial court to allow the motion for continuance.

The second issue submitted to the jury was as follows: "Was the deed of trust delivered without the execution thereof being privately and voluntarily acknowledged by the plaintiff?" This issue was raised by the pleadings and was properly submitted to the jury. The court charged the jury as follows:

"Under our law the statute requires if a married woman executes a deed that she shall be privately examined separate and apart from her husband; that she shall be asked whether she executed this paper-writing, or contract, or deed, voluntarily; whether she did it without fear or compulsion of her husband, or fear or compulsion of anybody; and whether it was her own free act. That ought to be abolished, because it is not necessary now. A woman would not do anything she did not want to do."

Plaintiff's exception to this instruction was well taken. Her assignment of error based on this exception must be sustained. C. S., 564. This was such an expression of an opinion by the judge as to an essential fact involved in the issue as is condemned by the statute. For this reason plaintiff is entitled to a

New trial.