# Richmond

RICHARD TAYLOR v. BEATRICE J. TAYLOR.

May 1, 1944.

Record No. 2785.

Present, Campbell, C. J., and Holt, Gregory, Browning and Spratley, JJ.

The opinion states the case.

*McC. G. Finnigan* and *John W. Fussell*, for the appellant.

*James C. Page*, for the appellee.

HOLT, J., delivered the opinion of the court.

Under review is a final decree in a divorce suit.

Richard Taylor, aged twenty-three, and Beatrice Johnson, aged fifteen, both colored, were married in Manakin, Virginia, on July 23, 1927. The history of their social life generally is not flattering. Taylor from time to time would beat up his wife, and she from time to time would desert him. The final break came in 1939. In the latter part of July of that year, Taylor went to Saint Philip Hospital for treatment, remained there for ten days and was discharged on the 5th of August. His wife had visited him from time to time and came to see him on the day of his discharge. On that day she reminded him that they had but one room with one bed; that she did not know what the character of the trouble was, and that she was unwilling for him to sleep there with her and with their fourteen-year old daughter. For that reason she was going to take this daughter to her mother's home and would then come back to him, to which statement he answered: "If you walk out of here now, you might as well keep walking and if you do go, you better not let me see you any more."

In November, 1941, he filed this suit for divorce in which he charged his wife with desertion and with adultery. To that bill she filed her answer and cross-bill, in which she in turn charged that he forced her to leave the home. Both the bill and the cross-bill pray for a divorce *a vinculo* and both plaintiff and defendant ask that the custody of the daughter be left with them. From which it would seem that the final decree which permanently dissolved their bonds of matrimony was in accord with the prayer of each. The real matter of dispute is the custody of the child.

■ ■ What weight should be attached to the chancellor's decree? It is presumed to be right and that presumption follows until the appellant overthrows it by clear weight of evidence, although the evidence of the appellee must be

corroborated. Code, sec. 5106. This when the evidence is in the form of depositions. When it is taken *ore tenus* before the chancellor, it has the weight of a common law judgment in a case heard without the intervention of a jury, subject, of course, to the qualifications set out in said section 5106.

Relative to the custody of the child: In the Juvenile and Domestic Relations Court of Richmond, the father was ordered to pay $5.00 a week for its support. When we take into consideration the violent temper of the father; that he had no home but a rented room and that the mother was placing the child with her mother, and with the further fact that the child, itself, over fourteen years old, wishes to be put with her mother rather than with her father, we are of opinion that her wishes should prevail. That, with the fact that the father's cruelty is amply established, leads us to hold that the decree of the chancellor below should be affirmed, and it is so ordered.

*Affirmed.*