SEABORNE HOLMES v. BANNIE SANDERS AND MARTHA SANDERS.

(Filed 1 May, 1957.)

**1. Infants § 22—**

Findings and conclusions, supported by evidence, that the best interest of the child requires that he remain in the custody of his maternal grandparents and that there had been no material change in the conditions since the custody of the child had been awarded to them upon like predicate, *held* to support order denying petition of the child's father for modification of the former decree.

**2. Infants § 21—**

Our courts have jurisdiction to award the custody of a child resident here, notwithstanding that the domicile of the child, following that of his father, is in a foreign jurisdiction.

APPEAL by petitioner from *Bickett, J.,* May Civil Term 1956 of JOHNSTON.

Special proceeding by a father to obtain custody of his son Ransome Solomon Holmes, born 1 September 1953, from the deceased mother's parents, heard upon a petition for modification of a judgment rendered by Williams, J., in chambers on 11 June 1955, which judgment was affirmed by the Supreme Court in *Holmes v. Sanders,* 243 N.C. 171, 90 S.E. 2d 382.

Judge Williams made elaborate findings of fact to the effect that it is to the best interest of the child that he remain in the custody of his maternal grandparents, the respondents, and rendered judgment accordingly. This Court in affirming Judge Williams' order said: "In matters pertaining to their custody, the welfare of children is 'the polar star by which the discretion of the courts is to be guided.'"

The basis of the petition for modification of Judge Williams' judgment is the contention that by reason of change in circumstances, it is now to the best interest of Ransome Solomon Holmes that he be placed in the custody of his father in Washington, D. C., instead of remaining in the custody of his maternal grandparents in Johnston County, North Carolina.

Judge Bickett heard voluminous evidence, and made detailed findings of fact. Among his findings he found that the petitioner bears a good reputation in Washington, D. C., but that it is for the best interest of Ransome Solomon Holmes that he remain in the custody of his maternal grandparents, and that it is not for the child's best interests that he be

placed in the custody of petitioner. Judge Bickett further found that petitioner has failed from the evidence to show any material change in the facts and circumstances as found in the order entered in the proceeding by Judge Williams on 11 June 1955, that the conditions are still substantially as found by Judge Willims, and that no facts or reasons are shown to the court to warrant a modification of Judge Williams' order. Upon the facts found Judge Bickett rendered judgment that the maternal grandparents continue to have the custody of Ransome Solomon Holmes until further orders of the court, and that petitioner have certain rights of visitation of his son.

From the judgment entered, petitioner appeals.

*R. O. Everett, Robinson O. Everett and Kathrine R. Everett for Plaintiff, Appellant.*

*Wellons & Wellons for Defendants, Appellees.*

PER CURIAM. There is plenary competent evidence to support Judge Bickett's findings of fact, and his findings of fact support his judgment. The findings of fact by Judge Williams and Judge Bickett clearly show there are substantial reasons to deprive petitioner of the custody of his child. Judge Bickett's judgment is in accord with our decisions that the child's welfare is the paramount consideration, and that a parent's love must yield to another if, after judicial investigation, it is found that the best interest of the child is subserved thereby. *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759; *Finley v. Sapp,* 238 N.C. 114, 76 S.E. 2d 350; *Atkinson v. Downing,* 175 N.C. 244, 95 S.E. 487.

Petitioner contends Ransome Solomon Holmes' domicile is in Washington, D. C., and the court below lacked jurisdiction. The child has been living with his maternal grandparents in Johnston County, North Carolina, since the day before Thanksgiving 1954. Petitioner came into this State, and invoked the jurisdiction of our courts. The answer to petitioner's contention is given by *Cardozo, J.,* speaking for the Court in *Finlay v. Finlay,* 240 N.Y. 429, 148 N.E. 624, 40 A.L.R. 937, quoted with approval and followed by this Court in *Richter v. Harmon,* 243 N.C. 373, 90 S.E. 2d 744: "The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless. Citing authorities. For this, the residence of the child suffices, though the domicile be elsewhere."

All of petitioner's assignments of error are overruled.

The judgment entered by Judge Bickett is

Affirmed.