IN THE MATTER OF JOAN BEATRICE McWHIRTER.

(Filed 30 April, 1958.)

**1. Appeal and Error § 19—**

Exceptions which appear nowhere in the record except under the assignments of error are ineffectual, since an exception must be duly noted at the proper time.

**2. Appeal and Error § 22—**

Where no exceptions are taken to the admission of evidence or to the findings of fact, or, if taken, are not preserved, it will be presumed that the findings are supported by competent evidence and they are binding on appeal, and the appeal presents only whether the facts found and conclusions of law support the judgment and whether error appears on the face of the record.

**3. Infants § 22—   Court may properly award custody of child to respondent as against child's father when the best interests of the child so require.**

Upon petition of the father for the custody of his daughter, findings of fact to the effect that petitioner had made no concrete attempt to visit his daughter for a period of approximately six years and that his only attention to her during this period was the payment of the monthly sums stipulated by order of court upon conviction of abandonment, that respondent had been given custody of the child by its mother after the separation of petitioner and the child's mother, that the child's mother had named respondent guardian of the child and willed her property in trust for the child, and that the best interests of the child clearly required that she be allowed to remain in the home of respondent, support judgment of the court awarding custody of the child to respondent.

APPEAL by petitioner from *Preyer, J.*, September Term 1957 of WAKE.

The petitioner, J. H. D. McWhirter, instituted this proceeding in the Domestic Relations Court for Raleigh and Wake County for the custody of his daughter, Joan Beatrice McWhirter, frequently called "Diane."

The petitioner, a widower with two children, and Christine Barker (now deceased) were married on 17 August 1944. They lived together as husband and wife until 9 December 1948, at which time they separated. Joan Beatrice McWhirter was born of this marriage on 19 August 1948. When the petitioner and his wife separated, his wife took the infant daughter.

From the judgment of the Domestic Relations Court awarding custody of Joan Beatrice McWhirter to the respondent, Hattie Mae Williams, the petitioner appealed to the Superior Court of Wake County.

At the hearing in the Superior Court, his Honor heard the matter, without objection of the petitioner or respondent, without a jury, both on oral testimony and affidavits filed by the respective parties, and found the facts and made his conclusions of law, the pertinent parts thereof being as follows:

"That when Joan B. McWhirter was an infant of approximately three months of age, J. H. D. McWhirter and Christine McWhirter were separated, at which time Christine McWhirter and the respondent, Hattie Mae Williams, commenced keeping house together.

"That Joan B. McWhirter since her infancy lived continuously in the house with her mother and Hattie Mae Williams until her mother's death in September of 1956, and since that time she lived with Hattie Mae Williams, who she regards as and calls her mother.

"That upon the death of Christine McWhirter, she named Hattie Mae Williams guardian of Joan B. McWhirter, and willed her property to Hattie Mae Williams in trust for Joan B. McWhirter.

"That J. H. D. McWhirter made no concrete attempt to visit or see his daughter, Joan B. McWhirter, for a period of approximately six years ending shortly after the death of Christine McWhirter in September of 1956; that during this six year period, the only support made by J. H. D. McWhirter was $25.00 per month paid under order of the Domestic Relations Court following a conviction of abandonment and inadequate support; that the said J. H. D. McWhirter sent neither presents nor anything else whatsoever to his child during this six year period.

"That the respondent, Hattie Mae Williams, is a person of excellent character, and that she is a fit, suitable and proper person to have the care, custody and control of Joan Beatrice McWhirter; that Hattie Mae Williams has a proper, suitable and comfortable home, that she

is giving Joan Beatrice McWhirter such care as to promote her best welfare, interest and development.

"That Joan Beatrice McWhirter does not want to leave her present home, and has shown anxiety and turmoil over the possible dissolution of her present family relationship; that her best interest and welfare clearly require that she be allowed to remain in the home of the respondent, Hattie Mae Williams.

"That J. H. D. McWhirter and his present wife are people of excellent character and have a suitable and proper home; that it would be proper for Joan Beatrice McWhirter to visit in their home.

"Upon the foregoing facts, the court concludes as a matter of law:

"1. That Hattie Mae Williams is a fit, suitable and proper person to have the care, custody and control of the said Joan Beatrice McWhirter.

"2. That by his conduct during the six year period ending shortly after September of 1956, the petitioner neglected the welfare and interest of his daughter, Joan Beatrice McWhirter, and by so doing waived his usual right to her custody."

Based on the foregoing findings of fact and conclusions of law, judgment was entered awarding the custody of Joan Beatrice McWhirter to Hattie Mae Williams, and making provision for the infant to visit in the home of her father at certain fixed times.

The petitioner appealed to the Supreme Court.

*Sam J. Morris for petitioner.*
*Manning & Fulton for respondent.*

PER CURIAM. The petitioner sets out nine assignments of error purportedly based on a like number of exceptions. However, these exceptions appear nowhere in the record except under the assignments of error. Such exceptions are ineffectual since an assignment of error must be supported by an exception duly noted at the proper time. *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223.

Even so, where no exceptions have been taken to the admission of evidence or to the findings of fact, or if taken but not preserved, such findings will be presumed to be supported by competent evidence and will be binding on appeal. *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759.

Therefore, this appeal presents only these questions: (1) Are the facts found and the conclusions of law made in the court below sufficient to support the judgment, and (2) does any error appear on the face of the record? *Goldsboro v. R.R.,* 246 N.C. 101, 97 S.E. 2d 486.

We hold that the findings of fact are sufficient to support the conclusions of law and the judgment entered pursuant thereto. Further-

more, an examination of the record discloses ample evidence to support his Honor's findings of fact. Therefore, the judgment of the court below is

Affirmed.