## DAVID CLEELAND v. PENNY CLEELAND.

(Filed 8 October, 1958.)

**1. Habeas Corpus § 3—**

Under Ch. 545, Session Laws of 1957, (G.S. 17-39.1) *habeas corpus* will lie to determine the right to custody of minor children irrespective of the marital status of the parties.

**2. Trial § 4—**

Where a cause comes on to be heard at a time agreed upon, an applicant for a continuance should show that he has used due diligence and that a fair trial cannot be had because of circumstances beyond his control. G.S. 1-176.

**3. Same:    Appeal and Error § 46—**

Continuances are not favored, and the act of the trial judge in granting or denying a motion for continuance will not be disturbed in the absence of a showing of abuse of discretion.

**4. Same—**

Where the trial court denies a motion for continuance made when the cause came on to be heard at the time agreed upon, upon findings supported by evidence that respondent was unable to attend the hearing because of being hysterical and intoxicated, no abuse of discretion is shown.

**5. Constitutional Law § 26: Infants § 8: Divorce and Alimony § 22—**

A decree of another state approving a prior separation agreement between the parties and awarding the custody of the children of the marriage in accordance therewith does not preclude our court from hearing and determining the right to custody of such children and awarding their custody in accordance with the conditions then existing some three years after the foreign decree, the court rendering the decree having authority to modify it for change of condition.

**6. Constitutional Law § 26—**

The full faith and credit clause of the Federal Constitution, Art. IV, sec. 1, does not require the courts of this State to treat as final and conclusive an order of a sister state which is interlocutory in nature and can be modified by the foreign court rendering the decree.

PARKER, J., not sitting.

APPEAL by respondent from an order entered 26 April 1958 by *Moore, J.,* at Chambers in PENDER.

On 28 March 1958 petitioner David Cleeland filed a petition for a writ of habeas corpus to obtain custody of David and Paul Cleeland, minor children of petitioner and respondent, whose correct given name is Frances.

Petitioner and respondent, then husband and wife residing in Virginia, entered into a separation agreement in 1955. By the terms of this agreement respondent was given the custody of two children of the marriage and of Kenny K. Cleeland, a minor child of respondent by a prior marriage, adopted by petitioner. By the agreement petitioner was obligated to make payments to the mother for the support of the children.

This separation agreement was followed in October 1955 by a di-

vorce *a vinculo* decreed by the Chancery Court of Arlington County, Virginia, in an action instituted by the wife. That decree provided that the former orders with respect to custody of the minor children should remain in effect.

The writ issued upon the filing of the petition. It was made returnable at Burgaw on 12 April 1958. Service was had on respondent 31 March 1958. On the return date respondent requested a continuance. This request was granted and the cause was continued to 26 April.

Respondent was not present during the hearing on 26 April but was represented by counsel. The court heard evidence, made findings of fact, and thereupon awarded custody of the two children to petitioner, their father. Respondent made no exceptions to the findings of fact. She excepted to the judgment and appealed.

*Corbett & Fisler for petitioner, appellee.*
*Rountree & Clark for respondent, appellant.*

RODMAN, J.   Respondent challenges the validity of Judge Moore's order on these grounds: (1) Habeas corpus is not available to determine the right to the custody of children whose parents have been divorced in another State; (2) refusal of her request for continuance; (3) the Virginia decree awarding custody is entitled to full faith and credit and by reason thereof the courts of North Carolina are forbidden to presently inquire into her right to custody. Respondent did not plead the Virginia decree as a defense. Apparently the force of the Virginia order was not raised in the court below.

Prior to 1957 habeas corpus could not be used to determine the right to the custody of children whose parents had been divorced, *In re McCormick,* 240 N.C. 468, 82 S.E. 2d 406; but by legislative act, c. 545, S.L. 1957, G.S. 17-39.1, the marital status of parents is not now a factor in determining the procedure to obtain custody of a child. Judge Moore had authority to grant the writ, hear the controversy, and award custody.

To obtain a continuance of a cause to be tried at a time agreed upon, the applicant should show that he has used due diligence and that a fair trial cannot be had because of circumstances beyond his control. G.S. 1-176. Continuances are not favored. *S. v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520. The granting or denial of a motion to continue is a matter in the sound discretion of the trial judge and will not be disturbed unless an abuse of discretion is made to appear. *Furniture Co. v. Baron,* 243 N.C. 502, 91 S.E. 2d 236; *Cole v. Bryant,* 213 N.C. 672, 197 S.E. 160.

Petitioner resides in California. The hearing had previously been continued at the request of respondent. The time for the hearing had

been fixed by consent. Petitioner was present for the hearing. Respondent was represented at the hearing by her attorney, W. E. Blake. Reports of the Welfare Departments of California and Pender County, North Carolina, were put in evidence without objection. Judge Moore found: "That the respondent was unable to attend the hearing in this matter because of being hysterical; that she had been seen to take a drink on the day of the hearing and was staggering when she approached the courtroom, and because of her condition had to be hospitalized." In the agreed statement of the case on appeal it is said the hearing was held "in the absence of the respondent because of her physical inability to appear due to intoxication."

Manifestly there was no abuse of discretion in refusing to grant respondent's request for another continuance. The facts of this case do not approach the factual situation of *Abernethy v. Trust Co.*, 202 N.C. 46, 161 S.E. 705.

Could Judge Moore inquire into the present status of the children and award custody so as to promote their best interests, or was he precluded from inquiring as to the present needs of the children because of the divorce decree entered in Virginia in October 1955?

The entire record in the Chancery Court of Arlington County, Virginia, is not in the record here. Only the final decree awarding a divorce *a vinculo* was in evidence. The only portion of that decree relating to the custody of the children reads: "IT IS FURTHER ORDERED that all former orders heretofore entered in this cause with respect to the care and custody and support and maintenance of David Neil Cleeland, Paul Eric Cleeland and Kenneth Kinsey Cleeland shall continue in full force and effect." Considering that decree only, one could not tell who was given custody of the children. The provision of the Virginia decree is, however, supplemented by a finding made by Judge Moore without exception by respondent. ". . . that prior to the divorce of the petitioner and respondent a Separation Agreement was entered into, which said Separation Agreement was later approved by the Circuit Court of Arlington County, Virginia; that both the Separation Agreement and the Divorce Decree, which said Divorce Decree was entered in the Circuit Court of Arlington County, Virginia, awarded the custody of David Neil Cleeland and Paul Eric Cleeland to the respondent, Penny and/or Frances Cleeland . . ."

The clear inference to be drawn from the finding made by Judge Moore is that the Chancery Court merely accepted the declaration of the parties that the mother was in 1955 a fit and proper person to have the custody of the children, and their welfare would be promoted by such an award. There is no suggestion that the Chancery Court made any independent investigation to determine the fitness of either of the parties to have custody.

The decree of the Chancery Court in October 1955 was a mere interlocutory decree. The Virginia statutes authorize courts which have awarded custody of children to make a new decree "as the circumstances of the parents and the benefits of the children may require." Code of Virginia, 1950, c. 20-107 and 20-108. This power of the court to modify an award cannot be taken away by contract between the parties. *Gloth v. Gloth,* 154 Va. 511, 153 S.E. 879, 71 A.L.R. 700. The Virginia courts exercise this power to modify custody awards so as to promote the welfare of the child. *Judd v. VanHorn,* 195 Va. 988, 81 S.E. 2d 432.

Respondent and the children are residents of this State. North Carolina has assumed responsibilities with respect to children residing here. It seeks to develop strong, law-abiding citizens who may be of service to mankind. To accomplish these purposes it provides large sums for public education, health, and their general welfare. Where a person having custody of a child residing in this State so exercises that control as to prevent the accomplishment of the State's salutary objectives, the courts of this State may step in and award custody to a person or agency which will protect the child and promote its welfare. G.S. 110-21; *In re Gibbons,* 247 N.C. 273; *Holmes v. Sanders,* 246 N.C. 200, 97 S.E. 2d 683; *Richter v. Harmon,* 243 N.C. 373, 90 S.E. 2d 744; *Sheehy v. Sheehy,* 107 A.L.R. 635; *Eggleston v. Landrum,* 23 A.L.R. 2d 696; *Mitchell v. Davis,* 12 A.L.R. 2d 1042; *Wicks v. Cox,* 4 A.L.R. 2d 1, and annotations p. 41 et seq.

The petition in this case asserted: ". . . the respondent is an unfit person to have the custody of said children due to the fact that she is a heavy drinker and living in adultery with another man to whom she is not married."

Judge Moore found these facts: "That the respondent, Penny Cleeland, who now has the custody of minor children, David Neil Cleeland and Paul Eric Cleeland, has since the time of the divorce from the petitioner, lived principally in Pender County, North Carolina; that she is an excessive drinker who periodically drinks to the extent of becoming irrational and at such times abuses said minor children; that since Christmas of 1957, up and until the 23rd day of April 1958, she and her two children have been residing in the home of one, James Justice; that the only occupants of said home were the said James Justice, the respondent, and the two minor children, David Neil Cleeland, and Paul Eric Cleeland; that since the commencement of this proceeding, to-wit: on the 23rd day of April 1958, the respondent and the said James Justice were married; that since Christmas of 1957 the respondent has been living in the house with said James Justice, cooking for him and doing his laundry, and that said house is not

of such size as to adequately accommodate the respondent and the said minor children; that James Justice is considered a regular drinker; that because of the circumstances surrounding the home in which said minor children are maintained, said children are now being socially ignored by the other children in the community."

"That the petitioner herein is a fit and suitable person to have the custody of said David Neil Cleeland and Paul Eric Cleeland and that it would be for the best interest for said minor children that their custody be awarded to the petitioner.

"That the respondent, Penny Cleeland and/or Frances Cleeland, because of her alcoholism, general behavior, and conduct, is an unfit person to have the custody of said children."

The facts found were conditions existing at the date of the hearing and just prior thereto. These findings must be accepted as true. They are supported by evidence, and no exception thereto was taken.

If the parties had continued to live in Virginia, its courts could, and no doubt would, upon a showing of facts as found by Judge Moore, have taken the children from the custody of respondent *Gloth v. Gloth, supra; Nix v. Nix,* 186 Va. 14, 41 S.E. 2d 345; *Mullen v. Mullen,* 188 Va. 259, 49 S.E. 2d 349; *Taylor v. Taylor,* 182 Va. 602, 29 S.E. 2d 833.

The Virginia decree awarding custody to respondent was based on a contract and conditions existing in 1955. The decree appealed from is based on conditions existing in 1958.

The constitutional provision (Art. IV, s. 1) requiring full faith and credit to be given to judicial proceedings of sister States does not require North Carolina to treat as final and conclusive an order of a sister State awarding custody of a minor when the courts of the State making the award can subsequently modify the order or decree. *New York v. Halvey,* 330 U.S. 610, 19 L.ed. 1133. "The full faith and credit to which a judgment is entitled is the credit which it has in the State from which it is taken, not the credit that under other circumstances and conditions it might have had." *Morris v. Jones,* 329 U.S. 545, 91 L.ed. 488. 168 A.L.R. 656; *Robertson v. Pickrell,* 109 U. S. 608, 27 L.ed 1049.

Since the Virginia decree awarding custody was subject to modification when changing conditions so required, the Superior Court of Pender County where the children resided had authority to examine the conditions now existing and, with the welfare of the children as its guide, determine the present right to custody. Its findings of present conditions demonstrate the necessity for a change. The finding that

the father is a fit and proper person to have the custody is in no wise challenged.

Affirmed.

Parker, J., not sitting.