WILLIAM FRANCIS FRAZIER v. REUBENIA MEADOWS FRAZIER.

(Filed 20 May, 1959.)

APPEAL by defendant from *Armstrong, J.*, February 2, 1959 Term of GUILFORD (Greensboro Division).

This action was begun 8 April 1958. The complaint alleges the parties were married in September 1943; that they separated 8 February 1956 and thereafter lived separate and apart, entitling plaintiff to a divorce *a vinculo*, G.S. 50-6.

The answer denies the separation. It contains a cross action which,

if established, would entitle defendant to alimony without divorce as provided by G.S. 50-16. She sought alimony *pendente lite* as well as alimony without divorce.

At the conclusion of plaintiff's evidence, defendant's motion to nonsuit was overruled. The motion was not renewed when all the evidence had been offered.

Plaintiff's motion to nonsuit the cross action was allowed.

Issues were submitted and answered entitling plaintiff to a divorce based on the separation alleged. Judgment was entered on the verdict, and defendant appealed.

*George C. Hampton, Jr., for plaintiff, appellee.*
*J. Kenneth Lee for defendant, appellant.*

PER CURIAM.   Defendant assigns seven errors as the basis for her assertion that prejudicial error exists. The first and third are not mentioned in her brief and are therefore deemed abandoned. Rule 28, G.S. 4A, p. 185.

The fourth was abandoned by the introduction of evidence. G.S. 1-183.

The fifth, sixth, and seventh appear only in the assignments of error. This is not sufficient. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *In re McWhirter,* 248 N.C. 324, 103 S.E. 2d 293.

The only remaining assignment is directed to the refusal of the court to submit the issue: "Did the plaintiff desert and abandon the defendant as alleged in the answer?" The court correctly refused to submit the issue. The cross action charging plaintiff with wrongful conduct was nonsuited, and that question was not brought forward in the brief or argued here. There is no basis in the evidence to justify the issue. Plaintiff does not now argue there is, but attempts under that exception to assert that there was no intent on the part of either party to do more than have a separate vacation. The evidence was sufficient to show the defendant abandoned plaintiff, and the separation existed continuously for more than two years. No exception was taken to the charge. It correctly defines the separation required by the statute as a basis for a divorce *a vinculo.* Our examination of the record fails to disclose error.

No Error.