WALTER S. FEARRINGTON v. JANIE S. FEARRINGTON

(Filed 14 January, 1960.)

1. **Divorce and Alimony § 24—**

In this proceeding for modification of an order for the custody of the minor child of the parties the court found upon supporting evidence that at the time the decree was rendered awarding custody of the child to its mother, the child was in the actual, if not the nominal, custody of a married couple, that the misconduct of the wife, asserted as a change of condition, did not affect the interest of the child upon the mother's visits to the child in the home of such couple, and that the best interest of the child demanded that she remain in the home of such couple. *Held:* The findings support the order denying modification of the decree.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Johnston, J.,* in Chambers in FORSYTH on 25 April 1959.

*Deal, Hutchins and Minor for plaintiff, appellant.*
*Hoyle C. Ripple for defendant, appellee.*

RODMAN, J.   This is an appeal from an order with respect to the custody of the minor child of plaintiff and defendant.

The parties were married in August 1948. A child, Diana, was born 5 August 1952. The parties separated 5 October 1953. At or about the time of the separation plaintiff delivered the child with her personal effects to D. B. Sprinkle and wife Bessie.

This action was begun by the issuance of summons 7 October 1955. The primary purpose of the action was to obtain a divorce *a vinculo.* The pleadings adverted to the birth of the infant. Defendant in her answer asked that she be awarded custody. Judgment was entered in November 1955 divorcing the parties. Defendant was given custody of the infant subject to visitation rights granted plaintiff, who was required to pay $10 per week for the support of the child.

On 20 March 1959 plaintiff, pursuant to the provisions of G.S. 50-13, gave notice that he would move, because of changed conditions, to have custody of the infant. In his motion plaintiff asserted that defendant was no longer fit to have custody.

Defendant resisted the motion. She asserted if there was to be any modification of the original order, custody should be awarded to the Sprinkles.

The parties were heard on affidavits. Based on the evidence submitted, the court found plaintiff and defendant each contributed to the support of the minor child, but the amounts so contributed were insufficient, and the deficiency was supplied by the Sprinkles, with whom the child had resided since 1953, except for occasions when she visited her parents; the Sprinkles were people of excellent reputation; the child is deeply attached to them; they are caring for her physical and spiritual well-being; the father has remarried; he and his wife both work, one at night and the other during the day; they do not have adequate help to properly care for the child; "If Diana be placed with her father, she would be torn or removed from Mrs. and Mr. Sprinkle, whom she dearly loves and enjoys, and their home, which is actually the only real home she has ever known and in which she is very happy, which would disturb and frustrate her personality, and would likewise remove her from Wiley School, where she has started and which she enjoys, and she would be placed in the Lewis-

ville School, which would interrupt Diana's elementary school training by taking her away from her present teachers and school mates with whom she has started, which would further tend to frustrate and disturb her personality and happiness; and that to remove Diana from the Sprinkle home would be removing her from Mrs. Bessie Sprinkle who has been a real mother to her, to a new home with a new mother, which would tend to further confuse and frustrate Diana."

The court found defendant had been guilty of misconduct, but such misconduct did not vitally affect the child "since Diana is being almost entirely supervised and reared by Mrs. Bessie Sprinkle and in the home of the Sprinkles, where Mrs. Janie Fearrington visits, and upon such visits and elsewhere in the presence of Diana she conducts herself as a kind, loving, caretaking mother should . . ."

. Based on the findings made, the court concluded the charges complained of were not such as to materially affect the rearing, education, and life of the child and were not such as to require modification of the custody order made in 1955.

The judge who heard the present application for custody of the minor also heard the divorce action and made the award of custody now sought to be modified. The child was then as now in the actual, if not the nominal, custody of the Sprinkles. There is no suggestion that there has been any change which in any manner affects the fitness of the Sprinkles to care for and nurture the child. The order indicates the court's intention to continue the control and custody as is now in practical operation. The evidence supports the findings of fact, and the facts found support the order. *In re McWhirter*, 248 N.C. 324, 103 S.E. 2d 293; *In re Gibbons*, 247 N.C. 273, 101 S.E. 2d 16; *Holmes v. Sanders*, 246 N.C. 200; 97 S.E. 2d 683; *Griffith v. Griffith*, 240 N.C. 271, 81 S.E. 2d 918; *Gafford v. Phelps*, 235 N.C. 218, 69 S.E. 2d 313.

Affirmed.

HIGGINS, J., took no part in the consideration or decision of this case.