IN RE CUSTODY OF MICHAEL RANDOLPH HUGHES AND RICHARD JAMES HUGHES, MINORS.

(Filed 12 April, 1961.)

**1. Constitutional Law § 24:    Evidence § 58—**

Where a party does not object to the introduction of affidavits in evidence or ask permission to cross-examine, he may not thereafter object that the findings of the court were based on the affidavits and that he was given no right to cross-examine the affiants.

**2. Parent and Child § 5—**

The right of a parent to custody of his child is not absolute and must yield to the welfare of the child, and where a parent neglects the welfare of his child, he waives his usual right of custody.

**3. Habeas Corpus § 3:    Infants § 8:    Constitutional Law § 26—**

A decree of divorce awarding the custody of the children of the marriage to their mother, entered in another state while the children of the marriage were resident in this State, does not deprive the courts of this State of jurisdiction to hear a subsequent proceeding for the custody of the children who continue to be residents here, the residence and not the domicile of the children being controlling.

APPEAL by Jeanie P. Hughes from *Huskins, J.*, at Chambers in YANCEY on November 25, 1960.

Elizabeth Clapp filed a petition seeking custody of the minors Michael, age three, and Richard, age four, named in the caption, children of Sgt. James F. Hughes, Jr. and Jeanie P. Hughes. She alleged James F. Hughes, Jr., a citizen of Yancey County, was a member of the armed forces of the United States, and by reason of such service was unable to care for and supervise his two children; Jeanie P. Hughes was not a proper person to have custody of the children; she had abondoned and refused to support them; since 1 March 1959

the children had been residing with petitioner. Based on this petition, Judge Huskins, on 10 September 1960, issued a writ of *habeas corpus* returnable 17 September 1960. On the date fixed in the order for the hearing, petitioner, her attorney, and the minors were in court. The father was neither present nor represented. The mother, appellant, was represented by counsel. At his request the hearing was postponed to a fixed date. Neither of the parents were present at the hearing, although both had been notified of the time and place of hearing and process had been served on them in Colorado. Petitioner offered affidavits to establish the facts alleged.in the petition.

Appellant offered no evidence to controvert the facts alleged by petitioner. She challenged the right of the court to enter any order with respect to the custody of the minors. To support her challenge she offered in evidence an exemplified transcript of the records of the District Court of El Paso County, Colorado, in the case of *Jeanie P. Hughes v. James F. Hughes, Jr.* That was an action for divorce and alimony and for custody of the children. Summons was issued therein on 6 September 1960, served 8 September 1960. Plaintiff in that action gave notice that she would seek custody and temporary alimony, the hearing to be had on 19 September 1960. The court at that hearing, on the day fixed in the notice and with both parents before it, found: ". . .there has been no showing that the plaintiff is unfit or improper to have custody of the minor children of the parties. . .The events testified to occurred a number of years ago, before the birth of the younger child. . ." The court found the parents were residing in Colorado and subject to its jurisdiction. It found that the children were sent to North Carolina in the spring of 1959 with the understanding that they would be returned to the mother when the differences between the parents had been adjusted. Upon the findings so made the district court awarded custody to the mother.

At the hearing pursuant to the writ of *habeas corpus* Judge Huskins found that the father was a resident of Yancey County, N. C., serving in the armed forces of the United States, and, because of such service, not able to give supervision to his minor children; hence it would not promote their interest and welfare to award custody to him; that the mother lived for a while in the spring of 1959 in the home of petitioner; that she neglected the minors; that she abandoned the children and was not a fit and proper person to have their custody; that it would not best promote the interest and welfare of the children to award custody to her; that petitioner, the grandmother, was a fit and proper person to have custody and control of the minors.

He concluded the court had jurisdiction of the minors; that it was

not bound by the findings made by the district court of Colorado at a time when the children were in North Carolina. Based on the findings and conclusions, custody was given petitioner, with the reserved right to modify the award from time to time as provided by statute.

The mother excepted to the findings of fact, conclusions of law, and appealed.

*Bill Atkins and Anglin & Bailey for petitioner appellee.*
*Joseph Corey and Fouts & Watson for respondent appellant.*

RODMAN, J. Appellant's challenge to the facts found by Judge Huskins is based on her assertion that there was no competent evidence to support the findings, because all of the evidence offered by petitioner was by affidavit, thereby depriving her of her constitutional right to cross-examine the witnesses for petitioner. If appellant wished to cross-examine the witnesses, she should have objected when the affidavits were offered or asked permission to cross-examine. She did neither. Her silence gave assent to the manner in which the evidence was presented. She cannot now complain with respect to a method of trial approved by her. *Cotton Mills v. Local 578*, 251 N.C. 218, 111 S.E. 2d 457.

The other assignments are directed to the power of the Superior Court of North Carolina to determine the right to custody of children living in the county where the court was sitting. Appellant contends the District Court of Colorado had jurisdiction of the children then living in North Carolina, because it had jurisdiction of the parents; and because of such jurisdiction of the parents, findings made by that court were entitled to full faith and credit, foreclosing North Carolina's courts of the right to inquire as to the welfare of the infants.

It may be conceded that the parties before the Colorado Court are bound by the findings then made, but Judge Huskins was not investigating the rights of the parents *inter se*. He was investigating facts necessary to provide for the welfare of the children. They were before him and admittedly had been in North Carolina for more than a year before any court was called upon to pass on the question of custody.

Each parent has a duty to care for his or her minor child. When the failure is wilful, the neglect is criminal. G.S. 14-322. Because the law presumes parents will perform their obligations to their children, it presumes their prior right to custody, but this is not

an absolute right. The welfare of the child is the crucial test. When a parent neglects the welfare and interest of his child, he waives his usual right of custody. *Cleeland v. Cleeland,* 249 N.C. 16, 105 S.E. 2d 114; *In re McWhirter,* 248 N.C. 324, 103 S.E. 2d 293; *Griffith v. Griffith,* 240 N.C. 271, 81 S.E. 2d 918; *Story v. Story,* 221 N.C. 114, 19 S.E. 2d 136. As said by *Parker, J.,* in *In re Gibbons,* 247 N.C. 273, 101 S.E. 2d 16: "It is an entire mistake to suppose the court is at all events bound to deliver over a child to his father, or that the latter has an absolute vested right in the child. Doubtless, parents have a strict legal right to have the custody of their infant children as against strangers. However, courts will not regard this parental legal right against strangers as controlling, when circumstances connected with the present and prospective welfare of the child clearly exist to overcome it, or when to enforce such legal right will imperil the personal safety, morals, or health of the child."

Because the welfare of the child is the crucial test, a court within whose jurisdiction a child is living has the right and duty, upon request of the person having custody of the child, to determine facts necessary to make an award. Neither the child nor the custodian is bound by an agreement between the parents or by facts found in an action in another State where they had no right to be heard. *Holmes v. Sanders,* 246 N.C. 200, 97 S.E. 2d 683; *Weddington v. Weddington,* 243 N.C. 702, 92 S.E. 2d 71; *Hoskins v. Currin,* 242 N.C. 432, 88 S.E. 2d 228; *Gafford v. Phelps,* 235 N.C. 218, 69 S.E. 2d 313; *Story v. Story, supra.*

The correct rule was succinctly stated by *Justice Cardozo* in *Finlay v. Finlay,* 148 N.E. 624, 40 A.L.R. 937. He said: "The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless. (citations) For this, the residence of the child suffices, though the domicile be elsewhere. (citation) But the limits of the jurisdiction are suggested by its origin. The residence of the child may not be used as a pretense for the adjudication of the status of parents whose domicile is elsewhere, nor for the definition of parental rights dependant upon status."

Apparently the courts of Colorado apply the rule announced by this Court and by the New York courts. *People v. Torrence,* 27 P 2d 1038. There the father sought custody pursuant to a decree of a Wisconsin court of children in Colorado with the mother. The court said: "Here he was met face to face with the state, the third party in interest in cases of this character, ready to administer to the protection of the

helpless child found within its borders. This jurisdiction does not depend on the domicile of the parents, neither does it stand by for a judgment of another state. . ."

Since the Superior Court of Yancey County had the duty, upon petition filed, to investigate and find what was in fact for the best interest of the minors, and in the performance of that duty heard evidence relating to happenings and conditions in North Carolina, and made findings based thereon, it follows that the judgment should be and is

Affirmed.