Terry v. Bob Dunn Ford, Inc.

JERRY LEE TERRY v. BOB DUNN FORD, INC.

No. 8518SC197

(Filed 15 October 1985)

**Trial § 4— failure of plaintiff to appear—plaintiff's counsel present—dismissal improper**

The trial court erred by dismissing plaintiff's action for failure to appear and prosecute where plaintiff had not been ordered to appear for trial and plaintiff's attorney was present and appeared ready to go forward with his case. The appearance of his attorney of record was sufficient to meet the requirement that he prosecute his action.

APPEAL by plaintiff from *Beaty, Judge.* Judgment entered 5 November 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals 26 September 1985.

This is a civil action wherein the plaintiff sued defendant to recover damages allegedly resulting from defendant's unlawful conversion of plaintiff's automobile. The matter came on for trial at the 22 October 1984 Session of Guilford County Superior Court. When the case was called for trial it was determined that the named plaintiff was not present in court. However, he was represented by his counsel of record. Also present was the plaintiff's wife who was prepared to testify regarding the allegations contained in the complaint. The defendant upon learning this fact made a motion to dismiss for "failure to come in and prosecute the case." Following counsels' arguments, the court entered an oral order allowing the motion. On 5 November 1984, a written order was entered dismissing plaintiff's action pursuant to Rule 41(b). Plaintiff appealed.

*Robert S. Cahoon for plaintiff appellant.*

*Rivenbark & Kirkman, by Rodney D. Tigges and John W. Kirkman, Jr., for defendant appellee.*

ARNOLD, Judge.

The trial court erred in dismissing plaintiff's action for failure to appear and prosecute his action. Plaintiff's attorney was present and appeared ready to go forward with his case.

As our Supreme Court recently stated:

> [O]ur research fails to disclose . . . any statute, rule of court or decision which mandates the presence of a party to a civil action or proceeding at the trial of, or a hearing in connection with, the action or proceeding unless the party is specifically ordered to appear. Those who are familiar with the operation of our courts in North Carolina know that quite frequently a party to a civil action or proceeding does not appear at the trial or a hearing related to the action or proceeding.

*Hamlin v. Hamlin*, 302 N.C. 478, 482, 276 S.E. 2d 381, 385 (1981). Plaintiff had not been ordered to appear for trial. The appearance of his attorney of record was sufficient to meet the requirement that he prosecute his action. The trial court's order is erroneous and is, hereby,

Reversed and remanded.

Judges WELLS and MARTIN concur.