BASS v. BASS

[105 N.C. App. 439 (1992)]

---

MARY ELIZABETH BASS, Petitioner v. ROBERT J. BASS, JR., Respondent

No. 9126DC296

(Filed 18 February 1992)

**Divorce and Separation § 464 (NCI4th)— child support hearing— absence of petitioner—dismissal**

The trial court erred by dismissing a child support hearing based on the absence of petitioner where petitioner had not been ordered to appear. Moreover, N.C.G.S. § 52A-12.2 provides that in child support cases where the obligee is not present at the hearing and the obligor denies owing the duty of support alleged in the complaint or offers evidence constituting a defense, the court, upon request of either party, shall continue the hearing to permit evidence relative to the duty to be adduced by either party by deposition or by appearing in person before the court.

**Am Jur 2d, Divorce and Separation §§ 346, 1018.**

APPEAL by petitioner from order entered 14 December 1990 by Judge Richard D. Boner in MECKLENBURG County District Court. Heard in the Court of Appeals 14 January 1992.

Petitioner and respondent were married on 24 May 1970 in Goldsboro, North Carolina; during their marriage one child was

born in North Carolina. On 1 April 1981 petitioner and respondent entered into a written "Stipulation" on child support which was later incorporated into their 11 May 1981 Iowa divorce decree. Petitioner is now a resident of Virginia. Respondent is a resident of North Carolina.

On 25 January 1990 petitioner filed this URESA action to enforce the Iowa decree and to collect $12,400.00 in arrears. On 26 June 1990 respondent filed a motion to vacate the arrears, to vacate that portion of the support order requiring respondent to pay support after his child graduated from high school, and in the alternative to reduce the amount of monthly child support. That same day, the court continued the matter until 14 August 1990.

The trial court held a hearing on 14 August 1990 and entered an order on 11 October 1990. That order found: "[t]hat the Respondent owe[d] an arrearage . . . in excess of $13,000.00"; "[t]hat an Order for temporary support in the amount of $220.00 per month was entered in open Court on August 14, 1990"; and that the respondent signed a "Stipulation" which provided that he would pay monthly child support payments of $450.00 "until [his daughter] reached the age of 22 years if she is enrolled in an accredited college or university." The court concluded that "the Respondent . . . contractually obligated himself to support [his daughter] until she . . . reached the age of 22 years if she is enrolled in an accredited college or university," and that this obligation was enforceable in North Carolina. The court also denied respondent's 15 August 1990 verified motion requesting the court to declare the Iowa judgment void and that the North Carolina courts were not available to enforce the Iowa order. The court then continued the matter until 16 October 1990 "to determine the amount of permanent ongoing child support and . . . the exact amount of arrears."

On 16 October 1990 the case was continued until 11 December 1990. The court also ordered the respondent to continue paying $220.00 per month as temporary support.

On 11 December 1990 Judge Boner conducted a hearing during which the petitioner's attorney attempted to introduce evidence to verify respondent's daughter's attendance at an accredited college. The respondent objected claiming that the evidence concerned a contested matter and that the petitioner should be required to be present to testify. Petitioner argued that if the judge wanted to require the petitioner's attendance, he should grant her a contin-

uance. Judge Boner concluded that "Petitioner was not present, and her testimony in court would be necessary because this matter is contested." He then denied the motion for continuance; dismissed the matter without prejudice and relieved the respondent of his obligation to make further payments. Petitioner appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General T. Byron Smith, for the petitioner-appellant.*

*Ronald Williams, P.A., by Ronald C. Williams, for respondent-appellee.*

EAGLES, Judge.

In her first and second assignments of error, petitioner argues the trial court erred in dismissing her complaint based on her absence when her trial counsel was present and prepared to proceed. We agree.

Judge Boner's order recited that he dismissed petitioner's complaint because the "Petitioner was not present, and her testimony in court would be necessary because this matter is contested." In *Terry v. Bob Dunn Ford, Inc.*, 77 N.C. App. 457, 335 S.E.2d 227 (1985), this court stated:

> "[O]ur research fails to disclose . . . any statute, rule of court or decision which mandates the presence of a party to a civil action or proceeding at the trial of, or a hearing in connection with, the action or proceeding unless the party is specifically ordered to appear. Those who are familiar with the operation of our courts in North Carolina know that quite frequently a party to a civil action or proceeding does not appear at the trial or a hearing related to the action or proceeding."
>
> *Hamlin v. Hamlin*, 302 N.C. 478, 482, 276 S.E.2d 381, 385 (1981). Plaintiff had not been ordered to appear for trial. The appearance of his attorney of record was sufficient to meet the requirement that he prosecute his action.

*Terry*, 77 N.C. App. at 458, 335 S.E.2d at 228. Here, too, the petitioner had not been ordered to appear at trial. Therefore, it was error to dismiss her complaint based on her absence. Accordingly, this case must be reversed and remanded for determination of

**BASS v. BASS**

[105 N.C. App. 439 (1992)]

the amount of any permanent ongoing child support and the exact amount of arrears.

We also note that G.S. 52A-12.2 provides that in child support cases where "the obligee is not present at the hearing and the obligor denies owing the duty of support alleged in the complaint or offers evidence constituting a defense, the court, upon request of either party, *shall* continue the hearing to permit evidence relative to the duty to be adduced by either party by deposition or by appearing in person before the court." (Emphasis added.)

Because of our disposition of petitioner's first two assignments of error, we do not reach her remaining assignments.

Reversed and remanded.

Judges COZORT and ORR concur.