An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-572

Filed 17 September 2025

Mecklenburg County, No. 20CVD002600-590

JESSICA WINTERS, Plaintiff,

v.

Y-CAR Y-CAR YA and H PIOM YA, Defendants.

Appeal by plaintiff from orders entered 27 February 2023 and 28 December 2023 by Judge Jennifer L. Fleet in Mecklenburg County District Court. Heard in the Court of Appeals 29 January 2025.

*John M. Kirby for plaintiff-appellant.*

*Law Office of William T. Corbett, Jr., PLLC, by William T. Corbett, Jr., for defendants-appellees.*

GORE, Judge.

Plaintiff Jessica Winters appeals from the trial court's dismissal of her case and denial of post-trial motions, arguing that the court abused its discretion in (1) denying her motion for a continuance, (2) dismissing her case without considering lesser sanctions, and (3) prematurely issuing the dismissal order. She also contends that the trial court misled her regarding her jury trial rights and improperly denied

her request for representation in her absence. Upon review, we conclude that the trial court acted within its discretion and committed no reversible error.

**I.**

Plaintiff filed a lawsuit against defendants Y-Car Y-Car Ya and H Piom Ya, alleging injuries from a 9 May 2015 car accident when defendant Y-Car Y-Car Ya rear-ended her vehicle while distracted by a cell phone. Plaintiff claimed injuries, medical expenses, and lost earnings. Procedurally, the case experienced delays before proceeding to trial on 26 January 2023.

Representing herself, plaintiff requested a continuance during trial, citing a medical emergency and recent hospitalization. The court denied her request, noting it was untimely and unsupported by adequate documentation. Plaintiff became ill during trial and submitted partial medical records, including a note stating she had undergone surgery and required bed rest. The court found, however, these submissions to be insufficient and dismissed the case with prejudice on 30 January 2023, citing failure to comply with its order and concerns over delay tactics. Plaintiff's post-trial motions under Rules 59 and 60 were denied.

Plaintiff appeals from the dismissal and denial of her motions for a new trial.

**II.**

**A.**

Plaintiff argues the trial court improperly denied her motion for a continuance, relying on *Abernethy v. State Planters Bank & Tr. Co.*, 161 S.E. 705 (N.C. 1932). We

determine that *Abernethy* is distinguishable and discern no abuse of discretion in the trial court's ruling.

Under North Carolina law, "[a] continuance may be granted only for good cause shown and upon such terms and conditions as justice may require." N.C.G.S. § 1A-1, Rule 40(b) (2023). A trial court's decision to deny a continuance is reviewed for abuse of discretion. *Morin v. Sharp*, 144 N.C. App. 369, 373 (2001).

In *Abernethy*, the Supreme Court reversed the denial of a continuance where the plaintiff's illness was uncontradicted by any evidence in the record. 161 S.E. at 706. In contrast, here, the trial court afforded plaintiff an opportunity to submit adequate medical documentation, which she failed to do. Despite being ordered to provide specific details, plaintiff submitted incomplete and unsigned medical records. The court found that the records submitted did not comply with its prior order and were insufficient to justify her absence. Because the trial court exercised its discretion based on the evidence before it, we discern no abuse of discretion in the denial of plaintiff's motion to continue.

**B.**

Plaintiff argues the trial court erred in dismissing her case without considering lesser sanctions. We disagree.

A trial court may dismiss an action for failure to prosecute "only where the plaintiff manifests an intention to thwart the progress of the action to its conclusion, or by some delaying tactic plaintiff fails to progress the action toward its conclusion."

*Green v. Eure*, 18 N.C. App. 671, 672 (1973). Before doing so under Rule 41(b), the court must consider three factors: (1) whether the plaintiff's conduct deliberately or unreasonably caused delay; (2) the extent of any prejudice to the defendant; and (3) whether a lesser sanction would suffice. *Wilder v. Wilder*, 146 N.C. App. 574, 578 (2001). This Court will affirm a dismissal where the record supports an inference that the trial court considered all available sanctions and found dismissal appropriate. *In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 251 (2005); *see also Badillo v. Cunningham*, 177 N.C. App. 732, 735 (2006) (holding the court need not explicitly list and reject every lesser sanction before dismissing).

Here, the record supports an inference that the trial court considered lesser sanctions before dismissing plaintiff's case. Plaintiff was ordered to produce medical records but provided only a handful of notes. The trial court found that plaintiff's documentation failed to comply with its 27 January 2023 order and was insufficient to justify her failure to appear and prosecute her claim. The court made specific findings of fact in each order beginning on 27 January 2023, leading to the final dismissal order on 27 February 2023. The court made an explicit finding that plaintiff "intentionally and willfully engaged in tactics designed to unnecessarily delay trial." Given plaintiff's repeated failure to comply and the trial court's explicit findings regarding her dilatory tactics, it is reasonable to infer that the court considered and rejected lesser sanctions before dismissing the case. Because the record supports that inference, we discern no abuse of discretion in the trial court's ruling.

**C.**

Plaintiff argues the trial court misled her by permitting the submission of medical records through 31 January 2023 but dismissing her case on 30 January 2023. This argument is unpersuasive.

Plaintiff relies on *G & M Sales of E. N. Carolina, Inc. v. Brown*, 64 N.C. App. 592, 593 (1983), for the proposition that a default and default judgment entered one day before the expiration of the defendant's time to answer are nullities because the clerk lacked authority to enter them. However, *G & M Sales* is inapposite, as it involved a jurisdictional time limit, whereas in this case, the trial court exercised discretionary authority.

Plaintiff already failed to meet the court's 27 January 2023 deadline to submit sufficient documentation. Despite multiple opportunities, she did not provide the required records, and as of December 2023—nearly a year after the case was dismissed—she has still not produced them. Given plaintiff's repeated noncompliance, the trial court acted well within its discretion in dismissing the case when it did.

**D.**

Plaintiff contends she was misled into believing that defendants could unilaterally withdraw their jury trial demand, leading her to consent to a bench trial. This argument is without merit.

Under Rule 38(d) of the North Carolina Rules of Civil Procedure, "[a] demand

for trial by jury as herein provided may not be withdrawn without the consent of the parties who have pleaded or otherwise appear in the action." N.C.G.S § 1A-1, Rule 38(d) (2023). The record reflects, however, that plaintiff moved for a bench trial at the outset of proceedings, with defendants consenting. The transcript directly contradicts her claim of being misled, as it reflects her voluntary waiver of a jury trial.

**E.**

Plaintiff argues the trial court erred by denying her request to have an attorney appear on her behalf in her absence. She relies on *Terry v. Bob Dunn Ford, Inc.*, 77 N.C. App. 457, 458 (1985), which held that a trial court cannot compel a party's personal attendance in a civil action absent a subpoena or compelling circumstances.

*Terry* is distinguishable. There, the plaintiff was represented by counsel. *Id.* Here, plaintiff appeared *pro se* and was the sole representative of her case. The trial court properly required her presence because she had no attorney of record at the time. The record indicates that no attorney appeared for plaintiff until after her motion for a new trial was heard in December 2023. *Pro se* litigants must follow court rules and procedures. *Shwe v. Jaber*, 147 N.C. App. 148, 149–52 (2001). Thus, the trial court acted within its discretion in requiring her presence.

**III.**

For the foregoing reasons, we affirm the trial court's denial of plaintiff's motion

to continue and other procedural rulings.

AFFIRMED.

Judge ARROWOOD concurs in the result only.

Judge MURRY concurs.

Report per Rule 30(e).