# Richmond

MADELINE M. COLLINS v. DENNY LEE COLLINS.

January 15, 1945.

Record No. 2852.

Present, All the Justices.

The opinion states the case.

*B. T. Gunter, Jr., Quinton G. Nottingham* and *George L. Doughty*, for the appellant.

*B. Drummond Ayres* and *Ernest Ruediger*, for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The dominant question involved in this litigation is, who is entitled to the custody of Phillip Mears Collins (an infant, five years of age and the son of appellant and appellee)?

Denny Collins, appellee, and Madeline Mears, appellant, were married on September 18, 1933, in Pocomoke City, Maryland. Their son Phillip was born of this marriage on

August 8, 1939. Domestic discord, as shown by the record, seemed to be the dominant note in their marital relations.

On September 12, 1942, suit was instituted by appellee against appellant, on the ground of desertion. To the bill of complaint appellant filed an answer and cross-bill. The cause was heard by John K. Hutton, judge-designate, and a decree granting appellee a divorce *a mensa et thoro* was entered and the custody of the son was awarded to appellant. The decree, however, provided that appellee could visit the child once a week at the home of its maternal grandmother, Mrs. Harvey Mears, who lived in Northampton county. The decree also contained this provision:

"It is further ordered that the provision for the said Denny Lee Collins visiting his child do continue in effect until the further order of this Court, with the reservation and understanding that leave is granted the said Denny Lee Collins to make application to the Court at any future time for an order giving him additional privileges to see said child, as well as the privilege to have said child visit and stay with him."

On November 23, 1943, appellee filed his petition setting forth that at the time of the entry of the decree awarding the custody of Phillip Mears Collins to appellant, he was in the Armed Forces of the United States; that since the entry of the decree he has been honorably discharged from the service and maintains a home on Chincoteague, Accomack county, Virginia; that while permitted to see his son once a week at the home of Mrs. Mears, he was not permitted to see him alone, but only in the presence of Mrs. Mears.

The prayer of the petition is for a modification of the decree and that the petitioner be granted the privilege of having the custody of his son for such periods of time as the court may deem right and proper.

At the time of filing his petition appellee filed a notice that he would request the court to enter a decree merging the divorce from bed and board into a divorce from the bonds of matrimony. To the petition appellant filed a de-

murrer which, in our opinion, the court very properly overruled.

Appellant then filed her answer to the petition, and issue being joined, the court proceeded to hear the evidence *ore tenus*.

On December 3, 1943, the court entered a decree granting appellee a divorce *a vinculo matrimonii*. This decree further adjudged that appellee be given the right to have his son, Phillip Mears Collins, exclusively in his care for the first week-end in each calendar month, for an additional week-end during the Christmas season and for a two weeks' period during the month of July.

This appeal involves only that part of the decree dealing with the custody of the child for stated periods.

In *Darnell* v. *Barker*, 179 Va. 86, 18 S. E. (2d) 271, Mr. Justice Eggleston said: "Ordinarily, a change in the custody of a child of tender years should be based on some change of condition which is for the better interest and welfare of the child."

In that case the court was dealing with the permanent custody of the child. In the case at bar, we are only called upon to determine whether or not the court erred in modifying its first decree. At the time of the entry of the first decree appellee was, as stated, in the armed service and consequently not in a position to be even considered when the court was called upon to determine to whose custody the child should be awarded. Thus, as far as appellee is concerned, conditions have materially changed.

The evidence in support of the prayer of the petition discloses that the child is a normal, healthy child; that due to the fact that appellant is employed in Newport News, Virginia, the child is in the custody of her mother, Mrs. Mears; that the relations between appellee and Mrs. Mears are not cordial; that when appellee visits the child, he is only permitted to talk with him in the presence of Mrs. Mears; and that the child has not been informed that appellee is his father.

The record further discloses that the mayor of Chincoteague, Henry Leonard, the cashier of the Bank of Chincoteague, Charles F. Matthews, and fourteen other citizens of the town of Chincoteague testified as to the standing and character of the appellee and that he was a fit person to have the custody of his son.

In rebuttal of the fitness of appellee to have custody of the child, appellant offered to introduce a marital agreement entered into between appellant and appellee, in which appellee admitted that he had been guilty of infidelity during the marriage period. This agreement was dated long prior to the divorce suit and it is admitted that appellant fully condoned appellee's infidelity and continued the marriage relations.

The court properly refused to permit the introduction of the agreement, on the ground that it had no bearing on the present status of appellee.

The only material conflicting evidence was that of appellant and Mrs. Mears.

In *Taylor* v. *Taylor*, 182 Va. 602, 29 S. E. (2d) 833, Mr. Justice Holt reaffirmed the Virginia doctrine that in a suit where the evidence is taken *ore tenus* before the chancellor, the decree has the weight of a common law judgment in a case heard without the intervention of a jury.

In *Word* v. *Childs*, 182 Va. 394, 397, 29 S. E. (2d) 227, Mr. Justice Gregory said: "The conclusion of the court in a factual matter * * * * supported by substantial evidence, is just as binding upon us as a verdict of a jury, approved by the trial court. Conflicts in the testimony are thereby resolved."

In *Darnell* v. *Barker*, 179 Va. 86, 18 S. E. (2d) 271, Mr. Justice Eggleston said: "In awarding the custody of a child, the ties of affection between it and the parent and the rights of the latter should be respected."

In *Surber* v. *Bridges*, 159 Va. 329, 334, 165 S. E. 508, a case involving the custody of infant children, we said: "In cases of this kind we have said that the welfare of the child is the paramount consideration * * * . This statement, so

often made, is not unqualifiedly true. Parents, too, have rights which must be safeguarded."

As stated, the learned chancellor heard the witnesses in open court. He was in a position, denied us, to observe the appellee and to form an opinion, *pro* or *con*, as to his fitness to have periodic custody of his child.

In our opinion it is beyond dispute that the evidence conclusively supports the decree entered, and, therefore, it will be affirmed.

*Affirmed.*