## Richmond

RAYMOND BRANHAM v. JEAN BRANHAM RAINES.

April 28, 1969.

Record No. 6904.

Present, All the Justices.

*S. H. Sutherland* (*George C. Sutherland*, on brief), for plaintiff in error.

*William J. Sturgill* (*Greear, Bowen, Mullins & Winston*, on brief), for defendant in error.

EGGLESTON, C.J., delivered the opinion of the court.

On March 2, 1967 Raymond Branham filed in the Circuit Court of Dickenson County a petition for a writ of habeas corpus praying that the respondent, Jean Branham Raines, be required to produce in court Romona Branham, their seven-year-old daughter, whose custody, he said, had been awarded to him by an order of the Court of Common Pleas of Morrow County, Ohio. The petition alleged that on or about December 25, 1966 the child had been permitted to go to the respondent's home in Dickenson County, Virginia, and that she had refused to return the child to him. The respondent, Jean

Branham Raines, filed an answer denying that the petitioner, Raymond Branham, had been awarded the custody of the child by the Ohio court.

After hearing full evidence as to what was for the best interests of the child Romona and her sister Deborah, the trial court entered a final order holding that since the children were before the court in person it had jurisdiction to determine the matter and that it was for their best interests that their custody be awarded to the respondent, their mother. The order further provided that since it appeared from the evidence that the petitioner, Raymond Branham, "would not return the said children to Dickenson County, Virginia, if he be permitted to take them" therefrom, he should "have usual visitation rights" to the children "during reasonable hours in Dickenson County."

From this order the petitioner Branham has appealed. The assignments of error do not challenge the trial court's jurisdiction of the parties or the subject matter of the controversy. The substance of the appellant's contention is that by a decree entered in the Court of Common Pleas of Morrow County, Ohio, on April 14, 1964, he was awarded the custody of this child, Romona, and her sister during the months of July and August in each year; that such decree is res judicata and under the Full Faith and Credit Clause of the Constitution of the United States[1] is binding on the Circuit Court of Dickenson County, Virginia; and that the decree of the latter court, which modified and limited his right of visitation, is void.

The evidence upon which the judgment appealed from is based may be stated thus: Raymond and Jean Branham were married at Pikeville, Kentucky, on January 3, 1956. They built a small house on her mother's land in Dickenson County, Virginia, and lived there until Thanksgiving, 1960. Their two children, Deborah and Romona, were born there. At the time of the present trial they were nine and seven years old, respectively.

In the latter part of 1960 the husband went to Kentucky and later to Ohio to seek employment, leaving his wife and children in Dickenson County. In 1961 the wife and children joined him in Ohio. However, he was not successful in obtaining employment and contributed little, if anything, to the support of his family. Consequently the wife

---

[1] Article IV, § 1, states: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. * * *" See also, Code § 8-271 [Repl. Vol. 1957].

was compelled to work for the support of herself and the children.

It appears from a certified copy of the record of the Court of Common Pleas of Morrow County, Ohio, that on July 25, 1962 the wife filed in that court a suit for divorce against her husband on the grounds of his gross neglect and extreme cruelty. She prayed for the custody and reasonable support of the children. In her petition the wife alleged that she was at that time and had been for at least ninety days immediately prior thereto a bona fide resident of the County of Morrow, Ohio. The husband filed an answer denying the wife's allegations of gross neglect of duty and extreme cruelty. In a cross petition he alleged that he was entitled to a divorce because of her cruelty and misconduct. He prayed that he be awarded the custody of the children.

The divorce proceeding in the Ohio Court remained dormant until April 14, 1964 when a decree was entered granting the husband a divorce on his cross petition on the ground of the wife's extreme cruelty toward him. The decree recited that it would be for the best interests of the children that their custody remain in their mother, subject to the right of the father "to have off the premises visitation" with them for "the months of July and August" of each year. Accordingly, it was adjudged that "subject to the continuing jurisdiction and orders of this court the custody of the minor children of the parties is hereby awarded to the plaintiff [wife];" that she was to "surrender" them to the husband during the visitation periods; and at the "conclusion" thereof he was to return them to her.

Apparently the parties lived in accordance with the terms of this decree until the summer of 1966. At the end of that summer visitation period the husband refused to return Romona to her mother in Dickenson County, Virginia. On September 19, 1966 an order was entered by the Ohio court extending the father's temporary custody of this child through "the Christmas vacation of 1966-1967" because of her needed medical attention. However, as alleged in the petition for a writ of habeas corpus, on or about December 25, 1966 the child was permitted to return to her mother's home in Dickenson County for an overnight stay. Apparently because the child was not thereafter promptly returned to her father, he obtained from the Ohio court on February 14, 1967 an order continuing his temporary custody of her and directing that she be "forthwith" delivered to him. When the respondent mother failed to comply with this latter order

the father filed in the Circuit Court of Dickenson County, Virginia, the present petition for a writ of habeas corpus.[2]

In the meantime, in May, 1963 the wife, who had returned to Dickenson County, instituted suit for divorce against her husband in the Circuit Court of that county. By a decree entered on July 5, 1963 she was granted a divorce and awarded the custody of the two children.[3]

The judgment appealed from in the present habeas corpus proceeding was not based upon the divorce decree in the Circuit Court of Dickenson County, nor is it necessary that we consider the effect of that decree on the present appeal. It was based upon what the trial court found from the evidence was for the best interests of the children.

The evidence in the present proceeding shows that since the Ohio decree of April 14, 1964 both the former husband and the wife have remarried. He is domiciled in Ohio and she is living with her second husband and her children in Dickenson County, Virginia. The respondent's second husband is gainfully employed, supports the family, and it is not necessary that she be employed. It is undisputed that the children are enjoying a happy home with their mother and stepfather and that the mother is a fit and proper person to have the care and custody of them.

The respondent mother testified that she was willing to abide by the terms of the Ohio decree of April 14, 1964, giving the father the right of visitation for two months during the summer, if he had promptly returned the children to her as required by the terms of that decree. But, she said, he had failed to do so and had "threatened to leave the country with them." There was no denial by the petitioner husband of this testimony.

There is a conflict of authority as to whether, absent a showing of change of circumstances, a decree by a foreign court of competent jurisdiction awarding the custody of a child must be recognized and given effect by courts in other States under the Full Faith and Credit Clause of the Constitution of the United States. 42 Am. Jur. 2d, Infants, § 56, pp. 57, 58; 51 Michigan Law Review 345 (1953).

---

[2] According to the assignments of error the petitioner does not base a right to the custody of this child on the orders of the Ohio court entered on September 19, 1966 and February 14, 1967. He claims under the terms of the Ohio decree dated April 14, 1964, which, he says, the Virginia court was bound to respect.

[3] The record in this proceeding has not been made a part of the record in the present case. However, this proceeding was brought to the attention of the Ohio court and noted in its decree of April 14, 1964.

In *Ford* v. *Ford*, 371 U. S. 187, 83 S. Ct. 273, 9 L. ed. 2d 240 (1962), it was pointed out that the Supreme Court of the United States had not decided, and was not deciding in that case, that a custody decree entered by a court of one State must, under the Full Faith and Credit Clause, in all circumstances be given full effect by the courts of other States. (371 U. S. at 192.) With respect to the particular facts and circumstances of the case then before it, the opinion holds that a custody decree of a Virginia court which was not res judicata and binding on that court was not binding on a South Carolina court under the Full Faith and Credit Clause. (371 U. S. at 192, 193.) Hence, it said, the South Carolina court was not precluded from determining the best interests of the children and entering a decree accordingly. (371 U. S. at 194.)

The opinion in the *Ford* case further adhered to the views expressed in *People of State of New York ex rel. Halvey* v. *Halvey*, 330 U. S. 610, 67 S. Ct. 903, 91 L. ed. 1133 (1947), and *Kovacs* v. *Brewer*, 356 U. S. 604, 78 S. Ct. 963, 2 L. ed. 2d 1008 (1958), that a custody decree entered by a court in one State is not res judicata in the court of another State if changed circumstances call for a different arrangement in the interest of the child's welfare.

In *Falco* v. *Grills*, 209 Va. 115, 161 S. E. 2d 713 (1968), we were concerned with the custody of an injured child who was hospitalized in Virginia after her parents had been killed in an automobile accident. We sustained the order of the trial court in refusing to give full faith and credit to a decree of the Surrogate's Court of the State of New York appointing a guardian for the child. We pointed out that such order of appointment was entered ex parte, that there was no showing on whose motion the letters of guardianship had been granted, or what hearing, if any, had been held to determine that such was for the best interest of the child. 209 Va. at 125, 161 S. E. 2d at 720.

In the course of that opinion we said that, "[i]t can be stated as a general proposition that the courts throughout this country have been most reluctant to apply full faith and credit to custody cases," and the courts of Pennsylvania[4] and New York[5] have expressly declined to do so. 209 Va. at 123, 124, 161 S. E. 2d at 719.

However, the holding in *Falco* v. *Grills*, *supra*, is not determinative

---

[4] *Commonwealth ex rel. Thomas* v. *Gillard*, 203 Pa. Super. 95, 97, 198 A. 2d 377, 379 (1964).

[5] *Bachman* v. *Mejias*, 1 N. Y. 2d 575, 580, 154 N.Y.S. 2d 903, 907, 136 N. E. 2d 866, 868 (1956).

of the issues presented in the present case. Here the record of the proceedings in the Ohio court shows that its decree was entered in an adversary proceeding in which both parties were represented by counsel and after an adjudication that the award of custody of the child Romona to the mother, with visitation rights to the father, was for the best interest of the child.

It is not necessary that we decide in the present case whether we will follow the decisions of the Pennsylvania and New York courts and hold that the Full Faith and Credit Clause does not apply to custody decrees. We think there was a sufficient showing in the trial court that subsequent to the entry of the April 14, 1964 decree by the Ohio court there was a change of circumstances which warranted a change in the visitation rights granted to the petitioner father under the terms of that decree. As has been said, the respondent mother testified, and it was not denied, that the petitioner father had failed to return this child and her sister to the custody of the respondent mother at the end of the visitation periods and was threatening to remove them from the country.

The April 14, 1964 decree of the Ohio court recites that the award of custody of the children was "subject to the continuing jurisdiction and orders" of that court. The record of that proceeding further shows that because of the change of circumstances the custody decree and visitation rights of the father were changed by the order of September 19, 1966. Similarly, we think, it was within the power of the Virginia court, in the interests of the children's welfare, to modify the visitation rights of the father because of the change of circumstances. *Kovacs* v. *Brewer, supra,* 356 U. S. at 607, 608.

In the final order in the present case the trial court restricted the visitation rights of the petitioner because it found from the evidence before it that he "would not return the said children to Dickenson County, Virginia, if he be permitted to take them" therefrom. In these circumstances, we think it was quite proper for the trial court to limit the visitation rights of the petitioner father to Dickenson County where the child Romona and her mother are now residing. In this situation the trial court, having jurisdiction of the parties, can insure to the petitioner father his "usual visitation rights during reasonable hours in Dickenson County, Virginia," as directed in the order, and can insure that the child will be returned to the custody of the mother at the end of such visitation periods.

Accordingly, the order appealed from is

*Affirmed.*