## Richmond

RAYMOND H. HORNE, ADMINISTRATOR OF THE
ESTATE OF STEPHEN H. HORNE, DECEASED

v.

CYNTHIA RENEE MILGRIM

September 9, 1983.

Record No. 810337.

Present: All the Justices.

134

*G. Marshall Mundy (Jonathan M. Rogers; Mundy & Strickland,* on briefs), for appellant.

*John B. Spiers, Jr. (Spiers, Spiers & Mink,* on briefs), for appellee.

RUSSELL, J., delivered the opinion of the Court.

This appeal from a defendant's verdict in a wrongful death case presents two questions: whether the trial court committed reversible error in refusing to permit the introduction of the defendant's discovery deposition as substantive evidence for the plaintiff, pursuant to Rule 4:7(a)(3), and whether the trial court erred in striking the evidence of another witness for the plaintiff. Raymond H. Horne, decedent's administrator, sued Cynthia Milgrim on the theory that she was the driver of decedent's car at the time of the accident and that her negligence was the proximate cause of his death. She insisted that decedent had been the driver and she, a passenger. The jury found for Milgrim. The administrator appeals.

Plaintiff's decedent, Stephen Horne, was the owner of a 1971 blue Corvette. On the evening of July 3, 1978, he met Cynthia Milgrim, then 18 years of age, whom he had dated a few times in the past. Cynthia testified that she had parked her car near the Piper's Gap Road in Carroll County and joined Horne for a ride in the Corvette. Three witnesses testified that they had seen the couple together in the Corvette that night, that Cynthia was driving, and that Horne was in the passenger seat. One witness testi-

fied that a month after the accident she overheard Cynthia admit that at the time of the accident she was driving and was "high."

About 10:00 p.m. that night, the Corvette, travelling north on the Blue Ridge Parkway, left the road on a curve three-tenths of a mile north of the Piper's Gap intersection and, after leaving over 220 feet of skid or "yaw" marks, struck trees well to the left of the paved road. Horne was killed instantly by an impact to the right side of his head. His left leg was pinned between the passenger seat and the dash; his upper body hung out of the window on the passenger side. The first witness to arrive at the scene found Cynthia standing behind the car, trying to flag traffic. She gave the keys of the Corvette to the witness and said, "[W]e've had an accident." Cynthia was taken to a hospital in Galax where she was interviewed by a park ranger who investigated the accident. She was rambling and incoherent in her speech, but told him she "thought Steve Horne had been driving." A few days later the ranger called her at home and asked further questions. When he again asked who had been driving, she said, "I think he was."

John Farris, a witness for the plaintiff, testified that he was driving a motorcycle southbound on the parkway that night. He said that about 10:30 p.m., he met an oncoming 1971 blue Corvette which was travelling north between sixty and seventy miles per hour. It was partly in his lane of travel and nearly forced him off the road as it passed him. Later, after learning about the crash, he returned to the scene and identified the damaged Corvette as the same one or identical to the one he had met. He said he had encountered it approximately eight-tenths of a mile south of the scene of the accident.

The plaintiff took Cynthia's discovery deposition before trial. In it, she testified that Horne was the driver and that she had joined him for a ride in his Corvette. She said that they had approached the parkway on the Piper's Gap Road and had turned onto the parkway, but that she did not recall whether they had turned to the right (southbound) or to the left (northbound). She remembered nothing further until after the accident.

At trial, the plaintiff moved to introduce in evidence the page of Cynthia's deposition containing the foregoing account, or, in the alternative, the entire deposition, pursuant to Rule 4:7(a)(3). The court held that the rule was "inapplicable to this case" and refused to permit the use of the deposition in evidence. The court, however, stated: "[I]f the plaintiff decides to make the defendant

his witness, the court would permit the introduction of the whole deposition."

Faced with this ruling, the plaintiff called Cynthia as an adverse witness. She testified:

Q. Ms. Milgrim, do you know which way you turned when you got to the Parkway? Do you recall whether you turned right or left?
A. I think it was left, but I'm not sure.

The plaintiff then confronted her with the prior inconsistent statement in her deposition, to which she responded, "I'm not sure."

The defendant made a motion *in limine* to exclude the testimony of Farris on the ground that it "does not identify the vehicle to be the same . . . has no probative value . . . is remote and leads to speculation." This motion was denied, and Farris testified as stated above. After Cynthia testified as an adverse witness for the plaintiff, however, the court took the position that the plaintiff was bound by her testimony. The defense pointed out that she had testified that the Corvette had entered the parkway at the Piper's Gap intersection, turned left, and proceeded north. Independent evidence fixed the scene of the accident as three-tenths of a mile north of the Piper's Gap intersection. Thus, the defendant argued, Farris could not have seen the same Corvette on the parkway eight-tenths of a mile south of the accident scene. The court accepted this argument, stated that the motion *in limine* should have been granted when made, and struck the evidence of Farris on the ground that it was "absolutely contradictory to the [defendant's] recollection which is the only evidence before the court as to where the car entered onto the Parkway and that it was headed in a northern direction." The jury was instructed to disregard the testimony of Farris.

Rule 4:7(a)(3) provides in pertinent part: "The deposition of a party . . . may be used by an adverse party for any purpose." This language is identical to that of Fed. R. Civ. P. 32(a)(2) (formerly Fed. R. Civ. P. 26(d)(2)). Although we have not previously construed this language, federal courts which have done so have concluded that it means exactly what it says. *Fey* v. *Walston & Co., Inc.*, 493 F.2d 1036 (7th Cir. 1974); *Community Counselling Service, Inc.* v. *Reilly*, 317 F.2d 239 (4th Cir. 1963); *Pursche* v. *Atlas Scraper and Engineering Co.*, 300 F.2d 467 (9th Cir. 1962).

We agree with these views, and hold that a party may, subject to the rules of evidence, introduce an adverse party's discovery deposition as substantive evidence in his own case, whether the deponent is present or not.

The party offering such a deposition may tender only that part of it he considers relevant. If fairness requires the admission of additional parts, a remedy is provided by Rule 4:7(a)(5). The deposition is, of course, subject to objection on the grounds of authenticity, relevancy, non-compliance with the Rules of Court, or any failure to comport with the rules of evidence. *See* Rules 4:7(a), (b), and (d). The deposition of an adverse party that is received in evidence as substantive proof is oral testimony, not an exhibit. Unless the court for good cause otherwise directs, it should be read to the jury, not submitted in written form, so that it receives no more emphasis than other oral testimony.

The deposition of an adverse party, offered as substantive evidence, is distinguished from a deposition offered under Rule 4:7(a)(2) for the purpose of contradicting or impeaching the deponent. The former may adduce proof tending to establish or controvert any fact in issue; the latter serves merely to affect the deponent's credibility as a witness.

The error of excluding the adverse party's deposition in this case was compounded by the requirement that the plaintiff either call the deponent as an adverse witness, or suffer the loss of her testimony entirely. Her testimony, thus, became binding upon him to the extent it was uncontradicted by his other evidence. *See Cook* v. *Basnight,* 207 Va. 491, 151 S.E.2d 408 (1966). Rule 4:7(c) provides that the use of an adverse party's deposition under Rule 4:7(a)(3) does *not* make the deponent the witness of the party offering the deposition. Accordingly, Horne was entitled to rely on Cynthia's deposition without incurring the dangers inherent in making her his witness.

Horne sought to prove by the deposition that Cynthia had no recollection whether the Corvette had turned north or south on the parkway. In the absence of any evidence on this point, there was no inconsistency between her account and that of Farris. Horne postulates that the Corvette headed south for a time and then turned back, and was headed north at the point where Farris encountered it, still south of the Piper's Gap intersection. He states that this theory eliminates any internal conflict in his evidence. Since such a supposed conflict was the sole basis relied on

by the court in striking Farris' testimony, it is manifest that the error of excluding the deposition as substantive proof was not harmless.

■ Moreover, it was error to strike the evidence of Farris in any event. As we have seen, a plaintiff who calls the defendant as an adverse witness is not bound by so much of the defendant's testimony as is in conflict with the plaintiff's other evidence, but is bound only by testimony which is clear, reasonable, and uncontradicted. *Weddle, Administratrix v. Draper,* 204 Va. 319, 322, 130 S.E.2d 462, 465 (1963).

■ Any fact, however remote, that tends to establish the probability or improbability of a fact in issue is admissible. *Epperly v. Commonwealth,* 224 Va. 214, 230, 294 S.E.2d 882, 891 (1982). Farris stated that he was an automobile mechanic and familiar with cars, that the 1971 blue Corvette which passed him south of the Piper's Gap intersection was unusual, and that he knew of no others like it in the Galax-Hillsville area. He testified that it was identical to the car he subsequently saw wrecked at the scene of the accident. This evidence tended to establish the probability that Horne's Corvette had headed south and then turned around and that Farris had seen it, speeding and in the middle of the road, about one minute before the crash. The jury was entitled to weigh this evidence against Cynthia's testimony that she thought the Corvette had turned north, but was not sure. Her testimony was neither clear nor uncontradicted and, therefore, did not bind the plaintiff. The jury was free to believe Farris, to infer that the plaintiff's theory of the case was correct, and to resolve any conflict against the defendant. Thus, it would have been error to take this issue from the jury even if the plaintiff had voluntarily called Cynthia as his witness.

Farris' testimony was not inconsistent with the plaintiff's theory, inherently incredible, or too remote to have probative value. It fell within the unique province of the jury. *Evans v. Briley,* 221 Va. 1042, 277 S.E.2d 184 (1981). This is an area which the court should not invade. *Buntin v. Danville,* 93 Va. 200, 24 S.E. 830 (1896).

For these reasons the judgment will be reversed and the case remanded for new trial.

*Reversed and remanded.*