## Norfolk

### JOHN EDWARD FARISS, JR.

v.

### BARBARA GRIFFIN TSAPEL

No. 0656-85

Decided November 18, 1986

440

---

Counsel

Frank A. Porter (Bryant, Hurd & Porter, on brief), for appellant.

No brief or argument for appellee.

---

Opinion

**BENTON, J.**—John Edward Fariss, Jr., contends on this appeal that the trial court erred in granting a motion to alter his visitation rights with respect to one of his two children because the motion was made for the first time at trial without prior notice. In addition, he assigns as error the admission of certain testimony and contends that the evidence as a whole was insufficient to warrant the termination of his visitation privileges with his daughter. For the reasons which follow, we reverse the decision of the trial court.

Appellee, Barbara Griffin Tsapel, was awarded custody of the parties' two minor children. Fariss' visitation rights with both children were fixed by consent order entered December 14, 1983. Four months later and without informing Fariss or the court rendering the visitation decree, Tsapel moved with the children to Ohio, where they now reside. Fariss had no contact with his children after their move until April of 1985.

On April 3, 1985, a hearing was conducted pursuant to the Uniform Child Custody Jurisdiction Act, Code § 20-125 *et seq.* (hereinafter "the Act"), in the Circuit Court of Powhatan County upon Fariss' appeal of a decision of the Juvenile and Domestic Relations District Court denying his request for a change of custody. Tsapel, who was ordered by an Ohio court to appear at the proceeding and who was represented by counsel, made an oral motion at the hearing, requesting for the first time that Fariss' visitation rights with respect to the children be reduced. Fariss objected

to the motion on the ground that no prior notice of the motion was given. The court overruled the objection, stating that the notice requirement would be dispensed with if the evidence suggested that the visitations posed a danger to the children.

The evidence taken *ore tenus* included the testimony of Veronica Hoover, a Powhatan County Social Service employee, who visited Fariss' home two years earlier. Based on that visit, Hoover testified, over Fariss' objection, that his "housekeeping standards were very poor," and that because of the conditions in the house she was "very concerned about a child being in the house." Upon the conclusion of the taking of evidence, the court interviewed each of the children *in camera*. Fariss' visitation rights with respect to his daughter were then terminated, although his visitation rights with respect to his son were enlarged.

■ Fariss first contends that the trial court erred in granting Tsapel's motion to alter his visitation rights. He asserts that the Act mandates that he be given prior notice of the motion, and he relies upon Section 20-127 of the Act, which provides, in pertinent part: "Before making a decree under this chapter, *reasonable notice and opportunity to be heard shall be given to . . . any parent whose parental rights have not been previously terminated.*" (emphasis added).

As a parent whose parental rights have not been terminated, Fariss was statutorily entitled to reasonable notice of the motion to alter his visitation rights with respect to his children - before the decree was entered. Tsapel made her motion to alter Fariss' visitation rights for the first time at trial. In effect, Fariss had no prior notice of this matter and could not therefore adequately prepare to defend against it.

The trial court stated that the need for notice could be dispensed with in this case due to a perceived danger to the children which might result from the enforcement of the prior decree granting Fariss' visitation rights. We find no provision in the Act which permits the court to dispense with the notice requirement. Code § 20-127 is unqualified in its wording that "reasonable notice . . . *shall* be given" (emphasis added) and contains no exceptions. Furthermore, we believe that, if the trial judge had a basis for fearing for the safety of the children, a *pendente lite* order could have been entered suspending Fariss' visitation rights pend-

ing the resolution of the issue in further proceedings begun following the requisite notice. We, therefore, hold that Fariss was denied the notice to which he was entitled and that the court erred in terminating his visitation rights with respect to his daughter.

■ Because the issues with respect to Hoover's testimony may recur if a hearing is held on remand, we address briefly Fariss' contention that Hoover's testimony was admitted erroneously. The trial court, in the interest of the children's welfare, may modify visitation rights of a parent based upon a change in circumstances. *See Oehl v. Oehl*, 221 Va. 618, 624, 272 S.E.2d 441, 444-45 (1980); *Branham v. Raines*, 209 Va. 702, 707, 167 S.E.2d 355, 359 (1969). *See generally Keel v. Keel*, 225 Va. 606, 611-12, 303 S.E.2d 917, 921 (1983); *Collins v. Collins*, 183 Va. 408, 411, 32 S.E.2d 657, 658 (1945). In making the determination whether there has been a change in circumstances, the trial court may admit testimony concerning any fact that tends to establish the probability (or improbability) of a change in circumstances. *See generally Horne v. Milgrim*, 226 Va. 133, 139, 306 S.E.2d 893, 896 (1983) (citing *Epperly v. Commonwealth*, 224 Va. 214, 230, 294 S.E.2d 882, 891 (1982)).

Hoover's testimony related to one visit that she made to Fariss' residence approximately two years prior to the hearing and several months prior to the entry of the initial visitation decree. Although her testimony was relevant to Fariss' ability to provide a safe residence for his children and, when combined with relevant evidence of subsequent conditions, could provide a basis for proving a change in circumstances, it may not be used as the sole basis upon which to premise a finding of changed circumstances because the visit about which she testified occurred prior to the entry of the contested visitation order. In the absence of other evidence, Hoover's testimony regarding the conditions of Fariss' residence prior to the entry of the initial visitation decree was not germane to the decision whether to modify that decree.

Although the record before us does not contain other evidence of a change in circumstances warranting a modification of the prior decree, we note that the trial judge did have *in camera* discussions with both children. The record, however, does not contain a transcript of the judge's *in camera* conversation with the children or findings by the judge with reference to those conversations. Because the trial judge based his rulings, in part, upon those

conversations, we are unable to determine whether Hoover's testimony when viewed in the light of the totality of the evidence before the trial judge was probative as to the issue of change in circumstances.

Having found that Fariss was denied the notice required by statute, and having determined that the evidence contained in the record before us was insufficient to warrant a modification of the visitation decree, we reverse the decision of the court and remand the matter for further proceedings not inconsistent with this opinion if the parties be so advised.

*Reversed and remanded.*

Hodges, J., and Keenan, J., concurred.