COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


PAMELA SUSETTE PARMER WATT

v.   Record No. 2448-95-4                    MEMORANDUM OPINION[*]
                                                PER CURIAM
WINSTON JEFFREY WATT                          MAY 7, 1996


                                        FROM THE CIRCUIT COURT OF
FAIRFAX COUNTY
                       M. Langhorne Keith, Judge

              (John C. Maginnis, III, on brief), for
              appellant.

              (Sandra L. Havrilak; Wendy J. Hahn; Hicks &
              Havrilak, on brief), for appellee.


     Pamela Susette Parmer Watt (mother) appeals the decision of

the circuit court modifying her visitation schedule with her

daughter, Emily, who resides with Winston Jeffrey Watt (father).

 On appeal, mother argues that the trial court erred in setting a

visitation schedule which reduced the amount of mother's

visitation without demonstrating that the reduction was in

Emily's best interests.  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

     "In matters concerning custody and visitation, the welfare

and best interests of the child are the 'primary, paramount, and

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

controlling consideration[s].'" <u>Kogon v. Ulerick</u>, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted). "The trial court, in the interest of the children's welfare, may modify visitation rights of a parent based upon a change in circumstances." <u>Fariss v. Tsapel</u>, 3 Va. App. 439, 442, 350 S.E.2d 670, 672 (1986). The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests, and its decision will not be set aside unless plainly wrong or without evidence to support it. <u>Farley v. Farley</u>, 9 Va. App. 326, 327–28, 387 S.E.2d 794, 795 (1990).

Mother filed a motion seeking custody of Emily, based upon father's denial of visitation. The trial court found that a material change of circumstances had occurred, but that a change in custody was not warranted. The court then considered modifications to mother's visitation schedule as submitted by both parties. Based upon testimony heard <u>ore</u> <u>tenus</u>, the trial court modified the previous visitation schedule.

Mother asserts that the trial court's modification of the visitation schedule substantially reduced her time with Emily.[1] Assuming without deciding that her visitation was reduced, it is

---

[1] Mother relocated to Florida in late June 1995. The hearing on the parties' respective custody motions was held August 16 and 17, 1995. Therefore, the parties had little experience implementing the provisions of the January 4, 1995 consent decree governing visitation once mother moved to Florida.

clear that the trial court set the new visitation schedule based upon the evidence of Emily's best interests.

The testimony of two separate mental health professionals established that it was in Emily's best interests to have short, frequent and consistent visits with mother. Dr. William B. Zuckerman testified that "[it's] the frequency and predictability that promote the relationship [between a parent and a child] more than . . . extended periods." Lynn E. Hahnemann, who had provided therapy for Emily, recommended "shorter, frequent visits," and opined that a visit to Florida for four consecutive weeks would be too long given Emily's age.

In its remarks from the bench, the court repeatedly expressed its concerns for Emily's best interests. The schedule set up by the court incorporated the recommendations made by the expert witnesses and the factors set forth in Code § 20-124.3. Credible evidence supports the conclusion of the court that there had been a material change in circumstances and that the modified visitation schedule was based upon Emily's best interests.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.