COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

PIERRE JOLIGARD

v.   Record No. 2533-96-4

CHRISTINA M. JOLIGARD

MEMORANDUM OPINION[*]
PER CURIAM
MAY 20, 1997

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Paul F. Sheridan, Judge

(Pierre Joligard, pro se, on briefs).

(Leo R. Andrews, Jr., on brief), for
appellee.


Pierre Joligard (father) appeals the decision of the circuit court modifying visitation and awarding attorney's fees to Christina Joligard (mother).  Father contends that the trial court erred by (1) ordering custody and visitation without substantial, competent, and credible evidence; (2) reducing visitation without finding a material change in circumstances; (3) reducing visitation time without applying the proper evidentiary standard; and (4) awarding fees without proper notice.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

controlling consideration[s].'"  Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted).  "The trial court, in the interest of the children's welfare, may modify visitation rights of a parent based upon a change in circumstances."  Fariss v. Tsapel, 3 Va. App. 439, 442, 350 S.E.2d 670, 672 (1986).  See Keel v. Keel, 225 Va. 606, 611-12, 303 S.E.2d 917, 921 (1983).  The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests, and its decision will not be set aside unless plainly wrong or without evidence to support it. See Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

Father contends that there had been material changes in circumstances since the trial court's award of custody to mother in April 1995.  Father alleged that the parties' minor child had been hospitalized for a drug overdose, that the overdose was caused by mother's faulty adherence to the view that the child needed to receive psychotropic drugs, and that the child had failed to thrive physically while in mother's care.  Father also alleged that mother's relocation outside Virginia and her relationship with a new boyfriend were material changes.

The trial judge considered the evidence and heard the testimony of the parties.  The trial judge was not persuaded by the father's arguments and rejected the father's petition.  "The credibility of the witnesses is within the exclusive province of

2

the finder of fact because it uniquely has the opportunity to see and hear the witnesses testify and weigh their credibility based upon their appearance, demeanor and manner of testifying." Estes v. Commonwealth, 8 Va. App. 520, 524, 382 S.E.2d 491, 493 (1989). The court found no change in circumstances warranting a change of custody from mother. We find no error in that decision.

Father also contends that the trial court erred in reducing his visitation without finding a material change of circumstances and that the decision was not supported by substantial, competent and credible evidence.

The court found that the parties were demonstrably unable to work together to reach decisions concerning the child's welfare and that one parent needed to be completely in charge. The trial court also found, and evidence in the record documents, that the substantial animosity between the parties and extended family made visitations disruptive. Furthermore, the court found that traveling from Pennsylvania to Virginia three weekends a month destabilized the place of primary custody and was not conducive to the child's best interests. The trial court's decision maintaining custody with mother and reducing father's visitation to two weekends a month was based upon the child's best interests and was not plainly wrong.

We reject father's claim that he lacked notice concerning the award of fees for the guardian ad litem. It is unclear whether father's objection relates to those costs previously

awarded against father and excepted from discharge by the federal bankruptcy court or the additional costs charged at the completion of the hearing.  Father was demonstrably aware that the parties bore responsibility for payment to the guardian <u>ad litem</u> and these charges remained outstanding.  We find no abuse of discretion in the trial court's award.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>