COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


SHARON LYNNE BOTTOMS

                                        MEMORANDUM OPINION* BY
v.    Record No. 0589-98-2              JUDGE MARVIN F. COLE
                                             JUNE 29, 1999
PAMELA KAY BOTTOMS


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    Buford M. Parsons, Judge

          Donald K. Butler (Mary Bauer; Michael P.
          Adams; Matthew Coles; Morano, Colan and
          Butler; American Civil Liberties Union
          Foundation of Virginia; Lesbian and Gay
          Rights Project, American Civil Liberties
          Union Foundation, on brief), for appellant.

          Maureen L. White (Richard R. Ryder;
          Theodore N. I. Tondrowski, on brief), for
          appellee.


     In this domestic relations cause, Sharon Lynne Bottoms

(mother) challenges a decision of the Henrico County Circuit

Court establishing her visitation rights with Tyler Doustou, who

is in the custody of Pamela Kay Bottoms (grandmother).  Mother

contends that the trial court erred when:  (1) as a condition of

mother's visitation, it excluded all contact between Tyler and

April Wade; (2) it denied mother's request to participate more

fully in Tyler's educational development; (3) it denied mother's

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

request for expanded visitation rights; and (4) it failed to order family counseling.  We find no merit to these claims and affirm.

In Bottoms v. Bottoms, 249 Va. 410, 419, 457 S.E.2d 102, 107 (1995), the Supreme Court of Virginia found that mother was unfit and remanded the case to the Henrico County Circuit Court to award custody of Tyler to grandmother.  Later that same year, mother filed a petition for modification of custody and visitation of her son in the Henrico County Juvenile and Domestic Relations District Court.  At the conclusion of the proceeding in the district court, the court denied the petition for transfer of custody and declined to rule on the request for expanded visitation and family counseling.  Mother appealed this decision to the circuit court, expressly withdrawing her petition for custody and challenging only the visitation adjudication.  Following a hearing, the circuit court issued its order, which placed a number of restrictions on visitation between mother and Tyler.  Mother appealed this order to the Court of Appeals.

In an unpublished opinion, this Court reversed the order of the circuit court.  See Bottoms v. Bottoms, No. 2157-96-2 (Va. Ct. App. July 29, 1997).  Believing that the circuit court thought it was required to dispose of the visitation question based solely on mother's sexual orientation, and then ignored other pertinent factors, this Court reversed the circuit court

-

and remanded the matter "for reconsideration of the evidence consistent with this opinion, including any additional evidence deemed appropriate by the court to a proper disposition of the petitions." Id., slip op. at 6.

On remand, an evidentiary hearing was held before the circuit court on February 23, 1998. Five witnesses provided testimony to the court in connection with the visitation petition. The guardian ad litem for the infant son gave a report to the court. On March 4, 1998, the circuit court entered an order requiring that all visitation "shall occur outside the presence of April Wade, it being expressly provided that Sharon Bottoms will permit no contact between Tyler and April Wade." Mother's petition was denied in all other respects, except that she was granted two weeks visitation instead of one in the summer.

Mother contends that there is no substantial evidence supporting the circuit court's decision to continue excluding Wade from contact with Tyler and claims that the visitation exclusion violates Virginia law, as well as firmly-established guarantees of the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. These constitutional arguments were not made in the trial court, and the trial judge was never asked to rule on them. Further, mother filed written objections to the circuit

-

court order of March 4, 1998, and no objection was made to the order on any constitutional grounds.

> Rule 5A:18 serves an important function during the conduct of a trial. It places the parties on notice that they must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions. The purpose of this rule is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals. To hold otherwise, would invite parties to remain silent at trial, possibly resulting in the trial court committing needless error.

Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986); see also Cottrell v. Commonwealth, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991) (Rule 5A:18 barred consideration of constitutional question not raised in trial court); Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (Rule 5A:18 barred consideration of statutory argument not raised in trial court). The ends of justice exception does not permit consideration of the question because there has been no miscarriage of justice. Cf. Reed v. Commonwealth, 6 Va. App. 65, 70, 366 S.E.2d 274, 277 (1988). Therefore, we do not consider these constitutional issues. See Rule 5A:18.

In considering a petition to change child visitation, the test to be applied has two prongs: (1) has there been a change in circumstances since the most recent visitation award; and (2) would a change in visitation be in the best interests of the child. See Keel v. Keel, 225 Va. 606, 611-12, 303 S.E.2d 917,

-

921 (1983) (applying this standard to petition for change in custody); Fariss v. Tsapel, 3 Va. App. 439, 442, 350 S.E.2d 670, 672 (1986) (applying same standard to petition for change in visitation). Thus, despite changes in circumstances, there can be no change in visitation unless such change will be in the best interest of the child. The second prong of the test is the most important because, in the final analysis, the best interests of the child are what must be protected by the court. See Keel, 225 Va. at 611-12, 303 S.E.2d at 921. The parties agree, and we find that the circumstances have changed since the last award in the circuit court on September 21, 1993, and we thus proceed to the second prong of the Keel test to determine whether the evidence supports the trial court's ruling regarding visitation.

Well-established principles guide our deliberations. The judgment of the trial court is presumed to be correct, and the burden is on him or her who assails it to show that it is plainly wrong. See Forbes v. Haney, 204 Va. 712, 715, 133 S.E.2d 533, 535 (1963). "'For purposes of appellate review, a trial court's determination is considered to have settled all conflicts in the evidence in favor of the prevailing party, and the prevailing party's evidence is entitled to all inferences fairly deducible therefrom.'" Haase v. Haase, 20 Va. App. 671, 684, 460 S.E.2d 585, 591 (1995) (citation omitted). Because the trial judge saw the witnesses, heard the evidence, has been in

-

close contact with the family situation for several years, has had an opportunity to determine the credibility of the witnesses and parties and the weight to be accorded their testimony, his decision is peculiarly entitled to respect. See, e.g., Brooks v. Rogers, 18 Va. App. 585, 587, 445 S.E.2d 725, 726 (1994).

In determining the best interests of the child in a visitation case, a court must consider all of the factors set forth in Code § 20-124.3. See Sargent v. Sargent, 20 Va. App. 694, 701, 460 S.E.2d 596, 599 (1995). The failure to consider all of the factors applicable to the case is reversible error. A trial court need not, however, "'quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Id. at 702, 460 S.E.2d at 599 (citation omitted). We find no merit to mother's argument that the trial court must make specific findings of fact to justify its decision.

In a letter addressed to counsel dated March 4, 1998, the trial judge stated that he had reviewed the evidence and that "after careful consideration of all, it remains my finding that the best interest of the child requires that the visitation with his mother be out of the presence of April Wade." This finding was embodied in an order entered on the same day. The appellant objected to the "Court's rulings on specific visitation and the restrictions imposed, specifically including the restrictions on visitation in the presence of April Wade."

-

In support of the trial judge's decision to exclude all contact between Tyler and Wade, we review the entire record. We commence with the Supreme Court's decision in <u>Bottoms v. Bottoms</u>, 249 Va. 410, 457 S.E.2d 102 (1995), reversing the Court of Appeals and reinstating the Henrico County Circuit Court decision which awarded custody to grandmother and denied contact with Wade. The facts upon which the decision was based are clearly set forth in the opinion. It is against this background that we interpret the evidence before us.

Here, the evidence in the record supports the trial court's rulings excluding Wade from contact with Tyler and refusing mother's request for additional visitation. The court indicated that it gave "careful consideration" to "all" the evidence, which included undisputed testimony that Tyler "is doing fine" under the current arrangement. The record also contained expert testimony that being able to observe mother interact with Wade might reduce Tyler's risk of developmental problems in the future. However, the trial court was entitled to conclude that information upon which the expert relied in forming his opinion was unreliable and incomplete in that he did not interview the child's legal custodian and, therefore, it was entitled to reject the expert's opinion. <u>See</u> <u>Street v. Street</u>, 25 Va. App. 380, 387-89, 488 S.E.2d 655, 668-69 (1997) (<u>en</u> <u>banc</u>). Further, Dr. Stolberg testified that Tyler was a lot better now than he was several years ago. He was now "healthy, friendly, upbeat,

-

real friendly."  The guardian ad litem also opined that Tyler's best interests would be served by expanded visitation.  Although the recommendation of the guardian ad litem "should not be disregarded," it is "not binding or controlling."  Bottoms, 249 Va. at 420, 457 S.E.2d at 108.

Viewing the evidence in the light most favorable to the prevailing party below, we find that the trial court did not abuse its discretion in refusing to modify its order of August 20, 1996, requiring that "[v]isitation shall occur outside the presence of April Wade, it being expressly provided that Sharon Bottoms will permit no contact between Tyler and April Wade."

Mother complains that the trial court erred when it denied her request to participate in Tyler's educational development.  She testified that she would like to pick Tyler up at his school on her visitation day and talk to his teachers.

Grandmother in her testimony objected to mother's picking Tyler up at school on the Friday when mother has visitation.  Grandmother stated that she likes to see Tyler on Friday before he leaves for his visitation to assure that he is properly dressed and in condition for the visit.  Grandmother also objected to mother's attending PTA meetings or having any physical meetings at the school.  Grandmother testified that mother received the same reports from the school on Tyler that

grandmother received.  Grandmother had no objections to mother's contacting Tyler's teacher directly by telephone.

The trial court in its order of March 4, 1998, directed that grandmother provide mother "all academic records of the child, but such shall not be deemed to deny to Sharon Bottoms access to records pursuant to Code § 20-124.6" which provides that "[n]otwithstanding any other provision of law, neither parent shall be denied access to the academic, medical, hospital or other health records of that parent's minor child unless otherwise ordered by the court for good cause shown."

> The authority vested in a trial court to decide issues concerning the care, custody, support and maintenance of the minor children, the visitation rights of the non-custodial parent, and the extent to which those rights and responsibilities shall be apportioned between estranged parents is a matter of judicial discretion which courts must exercise with the welfare of the children as the paramount consideration.

Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 11 (1986).  We find that the trial court did not abuse its discretion when it denied mother's request to participate in Tyler's school activities against the wishes of the child's legal custodian.

Mother complains that the trial court erred when it denied her request for expanded visitation rights and failed to order family counseling.  We find that both of these issues come within the broad discretion granted to trial courts to decide

-

care, custody, and visitation rights of minor children.  Under the facts and circumstances of this case as previously described herein, we find that the trial judge did not abuse his discretion in establishing visitation rights between the mother and the child, and we find that he did not abuse his discretion in refusing to order family counseling.

For the reasons stated, we affirm the decision of the trial court.

Affirmed.