COURT OF APPEALS OF VIRGINIA


Present:  Judge Humphreys, Senior Judges Hodges and Overton
Argued at Chesapeake, Virginia


EDWARD H. HABBOUSH

                                    MEMORANDUM OPINION* BY
v.    Record No. 2145-99-2       JUDGE ROBERT J. HUMPHREYS
                                         JUNE 13, 2000
ELIZABETH H. WALSH, F/K/A
 ELIZABETH H. HABBOUSH


          FROM THE CIRCUIT COURT OF HENRICO COUNTY
                  L.A. Harris, Jr., Judge

          S. Keith Barker (S. Keith Barker, P.C., on
          briefs), for appellant.

          Thomas O. Bondurant, Jr., for appellee.


     Edward H. Habboush (father) appeals the decision of the

trial court denying his motions for child support, modification

of visitation and attorney's fees.  He contends that the trial

court specifically erred in failing to order child support nunc

pro tunc as of November 21, 1997; failing to further limit

Elizabeth H. Walsh's (mother) visitation; failing to order the

payment of attorney's fees for expenses incurred in seeking

information on mother's income; and failing to accept

depositions into evidence.

     For the reasons that follow, we affirm the decision of the

trial court.

--------------------------------------------------------------

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to the disposition of the appeal.

On appeal, we review the evidence and all reasonable inferences in the light most favorable to the party prevailing below. The trial court's finding will not be disturbed on appeal unless plainly wrong or without evidence to support it. See Martin v. Pittsylvania County Department of Social Services, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

## SUPPORT NUNC PRO TUNC

"[D]ecisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by evidence." Barnhill v. Brooks, 15 Va. App. 696, 699, 427 S.E.2d 209, 211 (1993) (citation omitted).

Based upon the evidence presented at the June 7, 1999 hearing, the trial court imputed $583 in monthly income to mother and ordered her to pay $550 in monthly child support, effective June 1, 1999. Father contends that the trial court erred when it refused to order mother to pay this same amount of child support retroactive to November 21, 1997. In support of this contention, father relies upon an order entered by another judge of the circuit who had responsibility for this case before his retirement from the bench. That order, entered December 2, 1997, directed the parties to

-

> forthwith meet and confer as to the amount
> of child support to be paid to the custodial
> parent [father] by the non-custodial parent
> [mother], and submit an endorsed decree
> fixing the same upon reaching an agreement,
> and only if an agreement cannot be reached
> and it becomes necessary to do so, to
> schedule a hearing to set the support
> amount, nunc pro tunc November 21, 1997.

Father argues that, because no decree setting an amount of support was subsequently entered, he was entitled to child support retroactive to November 21, 1997.  However, at the June 7, 1999 hearing, mother presented evidence, which was accepted by the trial court, that beginning in 1998 she paid father $185 in monthly child support pursuant to an agreement between the parties which was presented to and approved by the judge previously assigned to the case but never reduced to a written order.

The evidence established that mother paid monthly child support pursuant to the parties' agreement from 1998 until the time of the June 7, 1999 hearing.  "'Any child support must be based on circumstances existing at the time the award is made.'" Sargent v. Sargent, 20 Va. App. 694, 703, 460 S.E.2d 596, 600 (1995) (citation omitted).

We find no error in the trial court's refusal to order mother to pay the increased amount of child support retroactive to November 1997.

-

## MODIFICATION OF VISITATION

Father contends that the trial court erred when it refused to modify mother's visitation rights or to hold her in contempt for violating the court's visitation order. "In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount and controlling consideration[s].'" Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (quoting Mullen v. Mullen, 188 Va. 259, 269, 49 S.E.2d 349, 354 (1948)). The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests, and its decision will not be set aside unless plainly wrong or without evidence to support it. See Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

Father testified that mother was repeatedly late in returning the children from visitation, that she failed to return the children's clothing after visitation and that she had appeared at a skating rink with her new husband although it was father's weekend with the children. The trial court had the opportunity to hear both parties testify, and instructed both parties to comply with the existing visitation order, but did not modify visitation or hold mother in contempt. We cannot say that the decision of the trial court to handle these issues in that manner was plainly wrong.

-

## ATTORNEY'S FEES

Father argues that the trial court erred when it refused to award him attorney's fees he incurred in trying to ascertain mother's income and financial resources. An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all of the circumstances revealed by the record. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial court ruled that both parties had pursued legitimate issues and ordered each to bear their own attorney's fees. We cannot say that the trial court's decision was unreasonable or that the court abused its discretion in refusing to make an award of attorney's fees to father.

## REFUSAL TO ADMIT DEPOSITIONS

Father contends that the trial court erred when it refused his request to admit mother's deposition into evidence. While the trial court denied father's request to introduce the transcript and videotape of mother's deposition, the court gave father the opportunity to call mother as a witness and to put on through live testimony any evidence contained in the deposition.

As authority for his position, father relies on Rules 4:0, 4:7(a) and Horne v. Milgrim, 226 Va. 133, 306 S.E.2d 893 (1983).

-

His reliance on these authorities is misplaced.  In <u>Horne</u>, the plaintiff sought to introduce the defendant's deposition at trial, pursuant to Rule 4:7(a)(3).  That rule states:

> The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 4:5(b)(6) or 4:6(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.

<u>Id.</u>  The trial court found that Rule 4:7(a)(3) was inapplicable, thereby forcing the plaintiff to call the defendant as an adverse witness.  The Supreme Court of Virginia reversed, finding that the trial court erred by barring the plaintiff from introducing the adverse party's deposition.  See <u>Horne</u>, 226 Va. at 138, 306 S.E.2d at 895.

However, <u>Horne</u> was an action at law arising in a wrongful death case.  This case, involving as it does issues of child support and visitation, is a suit in equity.

Subsection (1) of Rule 4:7(a) provides that

> [a]ny deposition taken in a suit in equity may be used for any purpose; provided, however, that such a deposition <u>may be used on an issue out of chancery or a hearing ore tenus only as provided by subdivision (a)(4) of this Rule</u>.

(Emphasis added.)  Subsection (a)(4) of Rule 4:7 in turn provides, in pertinent part:

> The deposition of a witness, whether or not a party, may be used by any party for

-

any purpose in any action at law, issue out of chancery or hearing ore tenus in equity if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of this Commonwealth, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; . . . or (F) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

Since this was an ore tenus hearing of a suit in equity, the deposition of an adverse party was only admissible, other than for impeachment purposes, where the party was unavailable to be called as a witness or where "exceptional circumstances" existed as specified in Rule 4:7(a)(4). Because mother was available to testify and indeed did so, and because father made no showing of "exceptional circumstances" as required by Rule 4:7(a)(4)(F), we find no error in the trial court's refusal to admit the deposition.

Affirmed.

-