COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Bumgardner and
        Senior Judge Hodges


BILLY DEAN NANCE
                                    MEMORANDUM OPINION*
v.    Record No. 0960-01-2              PER CURIAM
                                     OCTOBER 23, 2001
VALERIE LIMERICK


        FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
              Richard J. Jamborsky, Judge Designate

            (Jennifer M. Simmons; Law Offices of M. R.
            Reamy, on brief), for appellant. Appellant
            submitting on brief.

            No brief for appellee.


    Billy Dean Nance ("father") appeals from the decision of

the circuit court terminating his visitation rights with his

daughter. Father contends the trial court erred by admitting

evidence relating to events that occurred prior to the juvenile

and domestic relations district court ("juvenile court") order

allowing father visitation with his daughter. For the reasons

which follow, we affirm the decision of the trial court.

                            FACTS

    "We review the evidence in the light most favorable to

[mother], the party prevailing below and grant all reasonable

inferences fairly deducible therefrom." Anderson v. Anderson,

_____
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999). Ailyah Dawn Nance was born to father and Valerie Limerick ("mother") on March 13, 1995. On September 21, 1999, the juvenile court heard evidence on father's motion to amend visitation. The court granted father's motion and ordered one visit between father and Ailyah every other month. Mother took Ailyah to visit father at the correctional facility in which father is incarcerated. On February 25, 2000, mother filed a motion to amend the earlier visitation order, citing her daughter's nightmares following the visit to the prison. The juvenile court granted mother's motion and terminated father's visits. Father appealed, and the circuit court heard the case on March 20, 2001. The parties presented testimony relating to events that had occurred after the September 21, 1999 order. Over father's objection, the circuit court also heard evidence of father's abuse of mother which had occurred in 1997. The circuit court likewise terminated father's visitation.

ANALYSIS

Father contends that by hearing evidence of the 1997 domestic abuse, the circuit court relitigated issues that had already been decided and ruled upon in the September 21, 1999 visitation order. Assuming without deciding that the trial court erred in admitting the evidence, we find the error harmless.

-

> "When it plainly appears from the record and the evidence given at trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be . . . reversed . . . [f]or any . . . error committed on the trial."  Code § 8.01-678; see Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) ("Code § 8.01-678 applies to both civil and criminal cases.").  "The burden is on the party who alleges reversible error to show that reversal is justified."  D'Agnese v. D'Agnese, 22 Va. App. 147, 153, 468 S.E.2d 140, 143 (1996).

Stockdale v. Stockdale, 33 Va. App. 179, 185, 532 S.E.2d 332, 336 (2000).

"The trial court, in the interest of the children's welfare, may modify visitation rights of a parent based upon a change in circumstances."  Fariss v. Tsapel, 3 Va. App. 439, 442, 350 S.E.2d 670, 672 (1986).  "In making the determination whether there has been a change in circumstances, the trial court may admit testimony concerning any fact that tends to establish the probability (or improbability) of a change in circumstances."  Id.  In Fariss, the trial court admitted evidence concerning Fariss' residence several months prior to the initial visitation decree.  We held that "[i]n the absence of other evidence, [the] testimony regarding the conditions of Fariss' residence prior to the entry of the initial visitation decree was not germane to the decision whether to modify that decree."  Id.  In this case, however, the court was presented

-

with ample evidence separate from the 1997 abuse to support its decision to terminate father's visitation.

Mother testified that when she took Ailyah to visit father at the correctional center, she and father argued. When Ailyah began to cry, father refused to allow her to go to mother and stated, "See what your mother has done to me." Mother also testified that shortly after the visit, Ailyah began having nightmares. Mother took Ailyah to a therapist to help the girl cope with the dreams. The trial court found that in light of the changed circumstances, it was in the best interests of the child to terminate father's visitation. Because the trial court heard sufficient evidence of a change in circumstances to support the termination of visitation, we find the admission of the evidence of the prior domestic abuse harmless. Accordingly, we affirm the decision of the trial court.

<u>Affirmed</u>.

-